SMALLEY *v.* BASSFORD, executrix, *et al.; et vice versa.*

Nos. 13600, 13604. FEBRUARY 12, 1941. REHEARING DENIED MARCH 19, 1941.

*Starkey S. Flythe* and *William K. Miller,* for plaintiff.
*Curry & Curry,* for defendants.

DUCKWORTH, Justice. ■ Concisely stated, the petition seeks cancellation of the Langley deed, in so far as relates to the land belonging to petitioner, because she was ignorant of her owner-ship and received no consideration therefor, and, as relates to land owned by the estate of her husband, because she is the bene-ficiary of a year's support embracing the same land. She admits that she joined the children as grantors in the deed, but contends that this is not a bar to the year's support.

She was a widow, and not a married woman, when the Langley deed was executed; hence the protection against contracts of sure-tyship provided by the Code, § 53-503, is not available to her. *Farmers Bank of Bogart* v. *Bolton,* 162 *Ga.* 428 (134 S. E. 72); *Singleton* v. *Farmers & Merchants Bank,* 55 *Ga. App.* 776 (191 S. E. 478). The petition admits that a consideration in the sum of $1800 was paid to the children for the deed under attack; and whether or not petitioner personally received any portion of that consideration, it constitutes a valuable and legal consideration for the deed, and is binding upon her as well as her individual prop-erty embraced in the deed. But as relates to the portion of the land belonging to the estate of petitioner's husband, the deed stands upon the same basis as a contract executed by a widow whereby she

waives her right to a year's support. Such relinquishment of the right to claim a year's support will not constitute a bar if made under such circumstances as will prevent an election to take a child's part from constituting a bar to dower as provided in the Code, § 31-104. See Code, § 113-1007; *McNair* v. *Rabun,* 159 *Ga.* 401 (126 S. E. 9). The petition alleges that the Langley deed was executed by petitioner in ignorance of the condition of the estate, and because of a lack of understanding of her right to a year's support, brought about by the representations of Langley himself and his attorney. A cause of action is alleged. *Giles* v. *Giles,* 135 *Ga.* 683 (70 S. E. 335); *Hobbs* v. *Hobbs,* 35 *Ga. App.* 645 (134 S. E. 194); *McLean* v. *McLean,* 51 *Ga. App.* 751 (181 S. E. 707); *Nix* v. *Nix,* 55 *Ga. App.* 776 (191 S. E. 381). The judgment overruling the demurrer was not erroneous.

■ On interlocutory hearing the answer of the defendant and evidence introduced in support thereof showed that the petitioner and her husband jointly conveyed the land here involved to Mrs. Julia S. Williams to secure a debt, and that at the time of the death of the husband $1800 of this debt remained unpaid; and that every cent of the $1800 borrowed from the defendant Langley and secured by the deed under attack was applied to the payment and satisfaction of the debt against the property here involved. With the title to the land thus vested in a third person to secure debt, petitioner's right to a year's support was subordinate to that outstanding title; and in order for a year's support to embrace the property covered by the security deed it would be necessary to satisfy the secured debt. *Burckhalter* v. *Planters Loan & Savings Bank,* 100 *Ga.* 428 (28 S. E. 236); *Minchew* v. *Juniata College,* 188 *Ga.* 517 (4 S. E. 2d, 212). It being shown that the consideration for the Langley deed satisfied the charge upon the property which under the law petitioner would have had to satisfy as a prerequisite to having it embraced in her year's support, and petitioner having come into a court of equity, she is subject to the rules of equity and particularly to the rule stated in the Code, § 37-104, that "He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit." To comply with this rule, the plaintiff as the beneficiary of the year's support would be required, as a condition precedent to the cancellation of the Langley deed, to

reimburse the grantee therein for the money which he advanced thereunder and which was used in satisfaction of a valid debt against the property conveyed. The evidence showing that petitioner had failed to meet this rule, she was not entitled to injunctive relief. *Judgments affirmed. All the Justices concur.*