32672.    HERRING, administrator, *v.* FAIN, executrix.

DECIDED  MARCH  3,  1950.

108

*W. S. Allen, N. F. Culpepper,* for plaintiff.

*S. B. Wallace,* for defendant.

WORRILL, J.  We do not think that the facts of this case bring it within the rule stated in the cases cited by the plaintiff in error to the effect that a court of ordinary has no jurisdiction to determine conflicting claims of ownership of property arising between a widow applying for a year's support and a person asserting title adversely to the estate of her deceased husband. The fact that the title is collaterally involved does not deprive the court of ordinary of jurisdiction.  See *Johnson* v. *Blackshear,* 196 *Ga.* 652 (27 S. E. 2d, 316).  The title to the 100-acre tract of land here involved had been conveyed by security deed to C. P. Daniel's Sons by L. H. Hatchett before his death to secure a note for $400 and the note was unpaid and the title to the land was in C. P. Daniel's Sons at the time of the death of L. H. Hatchett.  A year's support to the widow cannot be legally set apart out of land where the title is in a third party by virtue of a security deed made by the husband before his death, while

the debt secured by such deed remains unpaid. Only the equity of redemption in such land could be set apart to the widow as a year's support. The widow of L. H. Hatchett was not entitled to a year's support out of the 100-acre tract of land in question while the said deed thereto and the $400 remained outstanding and unpaid. Said deceased had willed his property, consisting cnly of the 100-acre tract of land, to his wife for life and the remainder to his children. After the will was probated, the widow and the six children, including the executor, made another security deed to C. P. Daniel's Sons to secure a note for $1077, and the $400 note was included in and made up part of the consideration of the $1077 note. The widow by making this deed waived her right to a year's support to the extent of the legal title conveyed by her and the heirs to secure the amount stated in the security deed and she is now estopped to claim a year's support in this land to that extent, at least. *Smalley* v. *Bassford,* 191 *Ga.* 642 (13 S. E. 2d, 662).

If there is any equity of redemption in this tract of land over and above the indebtedness represented by the $1077 note and security deed, it may be that the applicant would be entitled to a year's support therefrom, if she has not otherwise estopped herself from claiming the same.

In these circumstances, the judgment of the trial court in granting a new trial will be affirmed.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*