21898. HUBBARD et al. v. HUBBARD et al.

ARGUED JANUARY 15, 1963—DECIDED FEBRUARY 7, 1963.

*Freeman D. Mitchell*, for plaintiffs in error.

*Claude Christopher, W. S. Allen*, contra.

HEAD, Presiding Justice. John Hubbard and Lula Hubbard Williams brought a petition in the Superior Court of Meriwether County against Lillie Carrie G. Hubbard and Alonzo C. Touchstone. The petitioners sought to set aside the judgment of the Court of Ordinary of Meriwether County setting apart a described tract of land as a year's support to Lillie Carrie G. Hubbard, as the widow of Edmond Hubbard, and to cancel a deed from her to Touchstone. It was alleged: Edmond Hubbard died intestate on September 14, 1953. An agreement was reached among all of his heirs at law as to a division of his estate (which consisted of one tract of land), and there being no debts owed by him, on November 9, 1953, Lula Hubbard Williams filed a petition in the Court of Ordinary of Meriwether County seeking an order that no administration was necessary. Service of this petition was acknowledged by the widow and all the heirs at law of the intestate, and the order was granted. The agreement was that the property would be sold and the proceeds therefrom distributed equally among the surviving heirs at law. There has never been a division of the estate based on this agreement. On August 3, 1956, the widow applied to the ordinary for a year's support, and the property of the deceased was set apart to her as a year's support. On January 23, 1957, the widow conveyed the property by warranty deed to Alonzo C. Touchstone.

■ Where no fraud is alleged which prevented timely objections in the court of ordinary to year's support proceedings, and the proceedings were regular and in a court having jurisdiction of the subject matter, the proceedings "can not be attacked for fraud on grounds that might have been interposed by interested

parties prior to the judgment." *Brownlee v. Brownlee*, 203 Ga. 377 (46 SE2d 901); *Goss v. Greenaway*, 70 Ga. 130; *White v. Wright*, 211 Ga. 556 (87 SE2d 394).

The only conduct of the widow asserted to be fraudulent is that she entered into an agreement with the heirs of the intestate for a division of the property, and thereafter made application for a year's support and obtained a decree setting apart to her the property of the intestate. The exhibits attached to the petition show that notice was properly given of the year's support proceedings in the manner provided by law. There is no allegation that the petitioners did not have actual knowledge of the filing of the application for year's support, and no reason is shown why they did not file any objection that they might have had to the year's support at the time such proceedings were pending in the court of ordinary. The petition therefore fails to show any right in them to attack the year's support judgment in a court of equity.

This case is clearly distinguishable from *Hogg v. Hogg*, 206 Ga. 691 (58 SE2d 403), where it was alleged that the widow made false and fraudulent representations to her son, upon which he relied. There is no allegation in the present case that the widow represented to the petitioners that she would waive her right to a year's support from the estate of her husband.

■ It appears to be the contention of the petitioners that the judgment of the court of ordinary declaring that no administration was necessary vested the title of the property in the heirs in accordance with their agreement. The petition alleges that there has never been a division of the property in accordance with this agreement.

A year's support for the family of the deceased has first claim on his property. *Code* § 113-1508 (1). In order for the relinquishment of a widow's right to claim a year's support to be binding on her, it must be made with knowledge of her rights and of the condition of the estate. *Giles v. Giles*, 135 Ga. 683 (70 SE 335); *McNair v. Rabun*, 159 Ga. 401 (126 SE 9); *Smalley v. Bassford*, 191 Ga. 642 (13 SE2d 662). It is not alleged that the widow made the agreement with knowledge of her right to a year's support, and no consideration is shown for a relinquish-

ment of her right to a year's support. The petition, therefore, does not show that the petitioners had a valid legal objection to the granting of a year's support to the widow even had they been diligent and urged their objection in the court of ordinary.

*Judgment affirmed. All the Justices concur.*