## 33582. ANDERSON v. GROOVER.

HILL, Justice.

This is an appeal from the grant of a motion for summary judgment. The facts are that H. C. Anderson died testate on July 19, 1974. His will, which named Maurice Groover as executor, was probated in solemn form in the Probate Court of Tattnall County on August 6, 1974. The will provided that his widow, Jewell Anderson, the appellant, would receive a life estate in certain real property, and that the appellee, Alfred Devoe Groover, would receive the remainder interest in the property in fee simple.[1] On September 25, 1974, Maurice Groover signed an assent to devise ("Deed of Assent") conveying the property to the life tenant and remainderman according to the terms of the will. See Code § 113-801.

Over a year later, on October 6, 1975, Jewell Anderson timely filed an application for year's support in the Probate Court of Tattnall County. Code Ann. § 113-1002. The real property conveyed in the deed of assent was the only real property included in the return of the appraisers in the year's support action.[2] Alfred Devoe Groover filed a caveat to the application for year's support asserting, inter alia, that it was barred by the deed of assent. The action was transferred to the superior court. On October 17, 1977, Alfred Devoe Groover's motion for summary judgment was granted by the superior court on the ground that the application for year's support was barred by the deed of assent as to the property conveyed therein by operation of Code Ann. § 113-1035.

Code Ann. § 113-1035 provides that "The right of a widow or minor child to a year's support from the estate of a decedent shall be barred by a sale or conveyance made under authority of a court of competent jurisdiction or under power in a will, by an administrator or executor of

---

[1]Alfred Devoe Groover is the minor son of Maurice Groover, the executor.

[2]Household furniture and personal property on the premises of the deceased's home place were also included.

such estate prior to the setting apart of such year's support: Provided, however, that such sale or conveyance shall bar the year's support and the rights thereto only as to the property sold or conveyed." We find that an executor's assent to devise is not within the meaning of this Code section. Code Ann. § 113-1035 was intended to offer protection to third party purchasers of property in an estate against claims for year's support; it was not intended to exempt devises and legacies from year's support. Were it to be so construed, it would be a mechanism by which all the assets in an estate could escape a levy of year's support. This would be contrary to the statutory scheme establishing year's support and the public policy of this state which it implements. See Code Ann. § 113-1002 et seq.; *Blassingame v. Rose*, 34 Ga. 418, 421 (1864). Such a construction would also be untenable in light of Code Ann. §§ 113-821, 113-1508 (1). Under Code Ann. § 113-1508 (1), year's support has priority over other debts of the deceased; under Code Ann. § 113-821 creditors may proceed against legatees subsequent to the assent of the executor. If creditors are not barred by an executor's deed of assent, year's support claimants who are preferred over creditors should not be barred by such a deed.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 12, 1978 — DECIDED SEPTEMBER 6, 1978.

*M. Francis Stubbs,* for appellant.
*Van Cheney,* for appellee.