## 38507. ADAMS v. ADAMS et al.

WELTNER, Justice.

This is an appeal from a superior court judgment declaring *inter alia* that Georgia year's support law (Code Ann. § 113-1001 et seq.) is void *ab initio,* in that prior to the 1979 amendment it worked discrimination on the basis of sex.

Robert Adams died on July 11, 1979, leaving a will which provides as follows:

"I will, give, devise and bequeath unto my wife Gladys Fleming Adams a life estate in all my property, both real and personal . . . and it is my further desire that in the event the rents, profits, issues, interests and income from the assets of my estate is inadequate to support my wife in the manner to which she has been accustomed during our marriage that the corpus of my estate be encroached upon so as to provide support in said manner for my wife until her death. . . . [F]ollowing her enjoyment, use and benefit of the assets of my estate as provided for . . . I give and devise the remainder interest in and to all of the assets of my estate in equal shares to [16 relatives — sisters, nieces and nephews]. . . ."

The will was probated in common form in August 1979, and in solemn form in April 1980.

The executor claims that he explained to the widow (appellant) on several occasions that she had an option to apply for year's support, and that she stated she did not wish to do so. Based on this assumption, the executor alleges that he paid the debts of the estate, filed a federal estate tax return stating that the value of the total estate was $233,600 (including three lots of land appraised at $162,000), and paid federal estate taxes. The estate was ordered so that the widow would receive approximately $4,700 interest income

and $3,700 rental income each year, in addition to having use of the house and personal property. In the year and a half after the testator's death, the widow received $4,600 in interest income from the estate.

In January 1981, the widow petitioned for year's support. The appraisers set aside to her the entire estate, which they valued at $141,300.

The widow claims that her rights to year's support were not previously explained to her, and she denies waiving a claim to this support. Although she and her husband had lived on $6,700 a year for several years before his death, she contends that circumstances have changed, and such an amount is no longer sufficient to support her.

A caveat to the year's support application was filed by the executor and several of the decedent's relatives who were given remainder interests in the estate under the will. The caveators (appellees) contend *inter alia* that the three lots in the estate are valued at $300,000, and that the order appointing the appraisers should be set aside, as the appraisers discussed the return with the widow's attorney and agreed to award the entire estate before being appointed.

The probate court found the award of the appraisers to be excessive, and ruled that the widow was entitled to the amount of $15,000 year's support. Both the widow and the caveators appealed to the superior court, which granted the caveators' motion to dismiss the year's support petition.

1. The superior court ruled that the year's support law, prior to the 1979 amendment, was unconstitutional based on the U. S. Supreme Court decision in Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979), which held the gender classification of the Alabama alimony law to be a denial of equal protection under the Fourteenth Amendment to the U. S. Constitution.

Subsequent to Orr, supra, the General Assembly enacted the following amendment (Code Ann. § 113-1001.1, Ga. L. 1979, p. 1325): "Any person who becomes a widower on or after the effective date of this section shall be entitled to year's support pursuant to the same provisions and subject to the same practices, procedures and limitations under which a widow is entitled to year's support."

This amendment became effective April 18, 1979, prior to the death of Robert Adams on July 11, 1979.

The issue is whether the year's support statute must be declared unconstitutional on the theory that an amendment cannot breathe life into a statute void *ab initio*.

In *Strickland v. Newton County,* 244 Ga. 54, 55 (258 SE2d 132) (1979), we stated: "The general rule is that an unconstitutional

statute is wholly void and of no force and effect from the date it was enacted. This harsh rule is subject to exceptions, however, where, because of the nature of the statute and its previous application, unjust results would accrue to those who justifiably relied on it. *Allan v. Allan,* 236 Ga. 199 (223 SE2d 445) (1976); Chicot County Drainage Dist. v. Baxter State Bank, 308 U. S. 371 [60 SC 317, 84 LE 329] (1940)."

While we have declared statutes to be void from their inception when they were contrary to the Constitution at the time of enactment, *City of Atlanta v. Gower,* 216 Ga. 368 (116 SE2d 738) (1960); *Grayson-Robinson Stores v. Oneida, Ltd.,* 209 Ga. 613 (75 SE2d 161) (1953); *Jamison v. City of Atlanta,* 225 Ga. 51 (165 SE2d 647) (1969); *Jones v. McCaskill,* 112 Ga. 453 (37 SE 724) (1900), those decisions are not applicable to the present controversy, as the original year's support statute, when adopted, was not violative of the Constitution under court interpretations of that period. The earlier year's support laws were enacted before the ratification of the Fourteenth Amendment to the U. S. Constitution in 1868, and similar acts have remained in force for more than a century before Orr, supra, see Code Ann. § 113-1002 (Ga. L. 1838, Cobb, 296; superseded by Ga. L. 1958, pp. 657, 666); Code Ann. § 113-1003 (Ga. L. 1862-3, pp. 30, 31); Code Ann. § 113-1004 (Ga. L. 1865-6, p. 31); Code Ann. § 113-1006 (Ga. L. 1862-3, pp. 30, 31).

We conclude that the year's support statute as amended is not unconstitutional.

2. The trial court set aside the order of the probate court appointing the appraisers, finding ". . . that those persons acting as appraisers were not qualified to be appointed to perform the duties required of year's support appraisers as evidenced by their conduct prior to and after their appointment, including the entry of a return which is so excessive, exhorbitant and unrealistic that it shocks the conscience of this Court, and that at least one of those persons acting as appraiser was not appointed as appraiser. . . ."

Concluding that a witness who identified himself as Walter L. Lamb had signed the name "Jimmy Lamb" to the return, the court held that one who had acted as appraiser had not been appointed as such.

The probate court appointed Jimmy Lamb as appraiser, and this signature appeared on the return. A witness at the probate court hearing testified that he was Walter L. Lamb, and that he was one of the three appraisers who signed the return. Neither Walter Lamb nor any of the other witnesses at the hearing was questioned about Lamb's identity. One witness at the hearing, Margaret Lamb, testified that she was married to Walter Lamb and that his nickname

is Jimmy. We find no evidence which contradicts this testimony, and caveators' objection on this ground is without merit.

As to the conduct of the appraisers, we stated in *Moore v. Moore,* 126 Ga. 735, 739 (55 SE 950) (1906):

"Our statute in reference to the setting apart of a year's support does not provide how or from whom the appraisers appointed for this purpose are to ascertain the facts necessary to an intelligent and proper discharge of the duty incumbent upon them. . . . If, in making their return, the appraisers have acted upon insufficient or misleading information as to the property owned by the decedent at the time of his death, or as to any other relevant fact upon which their return may in part be predicated, the law provides a remedy for any person whose legal rights may be injuriously affected thereby, by giving to such person the right to caveat the return; and, upon a trial of the issue thus raised before the ordinary, all the relevant facts may be developed by competent and legal evidence introduced for this purpose, and the return, if incorrect and improper, under the facts disclosed, may be corrected."

Any deficiency in the formulation of the appraisers' return is a ground for caveat, and the vacation of the order of appointment is inappropriate. See *Carter v. Carter,* 139 Ga. App. 548 (228 SE2d 708) (1976); *Knowles v. Knowles,* 125 Ga. App. 642 (188 SE2d 800) (1972).

3. In *Bowen v. Bowen,* 200 Ga. 572, 572-3 (37 SE2d 797) (1946) we stated: "Ordinarily, a widow is entitled to a year's support; and in case of testacy, in order to put the widow to an election between the provisions made in her favor in the will and her right to a year's support under the statute, such testamentary provision in her favor must be either expressly made in lieu of year's support, or the intention of the testator to that effect must be deduced by clear and manifest implication from the will, founded on the fact that the claim of year's support would be inconsistent with the will or so repugnant to its provisions as necessarily to defeat them. *Chambliss v. Bolton,* 146 Ga. 734 [92 SE 204] [1917]."

We have held that the grant of a life estate to the widow under a will does not preclude an award of year's support. *Kinard v. Clay,* 138 Ga. 544 (75 SE 636) (1912); *Russell v. Hall,* 245 Ga. 677 (266 SE2d 491) (1980).

In this case, it was plainly the design of the testator that his widow enjoy his estate during her lifetime, and, were the life estate "inadequate to support my wife in the manner to which she has been accustomed during our marriage . . . ," she might then encroach upon the corpus.

Reduced to its factual significance, the award of year's support in this case is nothing more than an encroachment upon the corpus,

the only distinction being found in the process of that encroachment — whether by direction of the executor or by award of the appraisers. Viewing the realities of the case, we are unable to interpret this will as containing a "clear and manifest implication" that the widow is bound to elect between it and year's support. Under either alternative, any sum set apart to her by way of year's support or through encroachment must bear a reasonable relationship to her actual needs, subject always to review by the appropriate court.

4. Whether the widow made a knowing waiver of her right to year's support based upon an adequate consideration is a question of fact. See *Hubbard v. Hubbard,* 218 Ga. 617 (129 SE2d 862) (1963).

5. Appellant's contentions relative to the standing of the caveators are without merit.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Smith, J., who is disqualified.*

DECIDED MAY 18, 1982 —
REHEARINGS DENIED JUNE 2, 1982.

*Smith & Johnson, Truett Smith,* for appellant.
*William O. Carter, Robert E. Ridgway, Jr.,* for appellees.