69586. THE STATE v. GILL.
69587. THE STATE v. SELLERS.
(328 SE2d 561)

POPE, Judge.
Appellees Deborah Mitchell Gill and Donald Patrick Sellers were each charged by accusation of nine counts of violating OCGA § 16-13-32. Appellees each demurred to the accusations, challenging the constitutionality of OCGA § 16-13-32 and also contending that that statute had been repealed by implication by the enactment of OCGA § 16-13-32.1. The trial court ruled that OCGA § 16-13-32 had indeed been repealed by implication, and the State brings these appeals

therefrom.

"There are two instances in which a statute will be deemed to have repealed a prior statute by implication. One is when the provisions of the later are inconsistent with or repugnant to the provisions of the former act. The other is when the later act deals with and embraces the whole subject-matter of the legislation of the former act. We recognize the well-settled principle in our law that 'repeals by implication are not favored and never occur except where the later act is clearly and indubitably contradictory and contrary to the former act . . . In order to bring about a repeal by implication, the legislative intent must be clear, manifest, and irreconcilable with the intent not to repeal.' [Cit.] It is, however, the duty of the courts in the construction of statutes to give effect to the intention of the legislature when it is ascertainable. [Cits.]" *Collier v. Mitchell*, 207 Ga. 528, 530 (63 SE2d 338) (1951). Stated another way, "[s]uch repeal by implication can only result where the latter of the two acts is clearly repugnant to the former and so inconsistent with it that the two cannot stand together under any reasonable construction, or where it is manifestly intended to operate as a substitute for the former act. [Cit.]" *Downs v. State*, 163 Ga. App. 485, 487 (295 SE2d 152) (1982). See *Strickland v. Peacock*, 209 Ga. 773 (1) (77 SE2d 14) (1953).

Dealing first with the issue of whether OCGA § 16-13-32.1 was manifestly intended to operate as a substitute for OCGA § 16-13-32, we find no such legislative intent. In enacting OCGA § 16-13-32.1 the legislature provided: "Section 1. Code Chapter 79A-8 [now OCGA §§ 16-13-20 through 16-13-55], the 'Georgia Controlled Substances Act,' as amended, particularly by an Act approved March 31, 1980 (Ga. Laws 1980, p. 1288) is hereby amended by adding immediately following Code Section 79A-811.1 [now OCGA § 16-13-32] a new Code Section 79A-811.2 [now OCGA § 16-13-32.1] to read as follows . . . ." Ga. L. 1981, pp. 180-81. Thus, notwithstanding the nearly identical captions of the two enactments and their identical punishment provisions, it is clear that the legislature intended OCGA § 16-13-32.1 to be in addition to, rather than a substitute for, OCGA § 16-13-32.

Turning to the issue of repugnancy, appellees argue that the two enactments are repugnant and inconsistent in that each has a different mens rea necessary for conviction thereunder. Appellees point out that OCGA § 16-13-32 provides: "(b) It shall be unlawful for any person or corporation, knowing the drug related nature of the object, to sell, [etc.], to any person any drug related object." This statute defines "knowing" as "either actual or constructive knowledge of the drug related nature of the object; and a person or corporation has constructive knowledge of the drug related nature of the object if he or it has knowledge of facts which would put a reasonable and prudent person on notice of the drug related nature of the object."

OCGA § 16-13-32 (a) (2). On the other hand, OCGA § 16-13-32.1 provides: "(a) It shall be unlawful for any person or corporation to sell, [etc.], any object or materials of any kind which such person or corporation intends to be used for the purpose of . . . inhaling, or otherwise introducing into the human body marijuana or a controlled substance." This enactment further provides a number of factors to be considered in determining the intent necessary for conviction thereunder. OCGA § 16-13-32.1 (c).

The State counters appellees' assertions of repugnancy by citing the differing mens rea requirements as simply a legislative effort to attack the problem — the marketing of drug related objects — from two different angles. The State offers the following example: If X approached Y to sell him an item to help him·smoke marijuana cigarettes and Y sold X an ordinary paper clip, Y would be guilty of violating OCGA § 16-13-32.1 since he specifically intended the paper clip for a drug related purpose. However, he would not be guilty of violating OCGA § 16-13-32 since the primary use of the paper clip, holding papers together, would not be drug related. On the other hand, if X approached Y and asked Y to sell him an exotic doorstop and Y sold X a water pipe that was designed primarily for smoking marijuana, Y would be guilty of violating OCGA § 16-13-32, since the primary purpose of the object was drug related. However, Y would not be guilty of violating OCGA § 16-13-32.1 since the use that he specifically intended (doorstop) was not drug related.

The State's theory of non-repugnancy in this case is bolstered by the forfeiture provisions of the two enactments. OCGA § 16-13-32 (f) requires no separate condemnation procedure but, after conviction and the expiration of all direct appeals, allows the destruction without court order of all items which were made the subject of prosecution. By comparison, OCGA § 16-13-32.1 (e) requires a separate condemnation action to be filed pursuant to OCGA § 16-13-49 before the forfeiture of any items seized; items forfeited under this enactment need not necessarily be destroyed. See OCGA § 16-13-49 (f). These differing provisions may be explained by recalling that it is the nature of the object itself which is the key to prosecution under OCGA § 16-13-32, while OCGA § 16-13-32.1 provides for the prosecution of a transaction in an otherwise benign object, thus necessitating a separate judicial proceeding to determine if the object is subject to forfeiture.

We are mindful that " 'where two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication. [Cit.]' " *Wood v. State*, 68 Ga. App. 43, 48 (21 SE2d 915) (1942). The enactments at issue here both seek to make unlawful certain described transactions in drug related objects. The apparent purpose of such legislation is to

attack the perception of condonation of the marketing and glamorization of drug use, particularly among minors, by those who deal in drug related paraphernalia. See Note, The Model Drug Paraphernalia Act: Can We Outlaw Head Shops — And Should We?, 16 Ga. L. Rev. 137 (1981). The difficulties encountered in writing such legislation are legion, for these enactments face a multitude of constitutional challenges. Id. Under these circumstances, we are simply not persuaded by appellees' assertions of repugnancy. Rather, we view these enactments as complementary — a legislative attempt to outlaw *all* transactions in drug related objects, both those specifically intended and those which would put a reasonable and prudent person on notice. Cf., e.g., *Freeman v. Ryder Truck Lines*, 244 Ga. 80 (2) (259 SE2d 36) (1979); *Adams v. Cowart*, 224 Ga. 210 (2) (160 SE2d 805) (1968); *Mayor &c. of Athens v. Wansley*, 210 Ga. 174 (1) (78 SE2d 478) (1953).

There being no basis for repeal of OCGA § 16-13-32 by implication, the judgments of the trial court must be reversed.

*Judgments reversed. Banke, C. J., and Benham, J., concur.*

DECIDED FEBRUARY 27, 1985 —
REHEARING DENIED MARCH 14, 1985 — 

*John Carbo III, Solicitor*, for appellant.
*William H. Turner, Jr., Lee Sexton*, for appellees.