### 72401. HUNNICUTT v. HUNNICUTT.
(350 SE2d 770)

Beasley, Judge.

Appellee Frances Hunnicutt and appellant's son John Hunnicutt were married in 1980. They lived together as husband and wife until February 1984, when they separated. Appellee wife filed for divorce in March. When John Hunnicutt died in May, no alimony order had been entered and the action was still pending.

John Hunnicutt's will was probated and the wife filed her petition for year's support. Appellant, executrix of her son's will, moved to dismiss it. The probate court denied the motion and appointed appraisers of the estate, who awarded a year's support. The executrix's caveat to the appraisers' return was denied by the probate court. On appeal to the superior court, the executrix and the wife filed cross motions for summary judgment on the issue of the wife's right to the year's support. The executrix's motion was denied and the wife's motion was granted, affirming the probate court's order awarding a year's support.

1. Appellant executrix contends that the award of year's support to appellee wife was improper as a matter of law because the 1979 repeal of former Code Ann. § 53-508 (husband's duty to provide necessaries for wife during separation) eliminated any legal obligation of John Hunnicutt to support his wife, so that she is precluded from obtaining a year's support from his estate.

The statute providing for the provision of a year's support has been part of the law of this state in basically the same form since 1838 and is presently codified as OCGA § 53-5-2. Prior to 1979, numerous cases of our appellate courts addressed whether the separation of husband and wife does away with the wife's right to year's support. It does not. *Smith v. Smith*, 112 Ga. 351 (37 SE 407) (1900); *Farris v. Battle*, 80 Ga. 187 (7 SE 262) (1887); *Knowles v. Knowles*, 125 Ga. App. 642 (188 SE2d 800) (1972). The legisled changes in the divorce and other laws do not, as urged by the executrix, dictate a different result.

First, it is an erroneous premise that a wife's right to a year's support is contingent on the finding of a legal obligation found in a court order or specific contract for her support.

Historically, many of the laws concerning women and their rights and the husband's obligation to support them were based on the common law concept that women were without identity separate from their status as wives and were property of the husbands. The husband had a corresponding duty to support the wife and she had few rights of her own.

Over at least the past decade, these concepts, as well as the laws of this and other states, have undergone substantial revision, primarily as a result of *Orr v. Orr*, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979). The Supreme Court therein held that Alabama's alimony obligations on husbands, but not on wives, violated the Fourteenth Amendment's equal protection clause.

Because Georgia's alimony laws were similar to Alabama's, the legislature revamped the Family & Domestic Relations Law the same year. Ga. Laws 1979, p. 466. The purpose of the legislature is set out in Section 1: "It is the intent of this Act to revise and modernize certain laws of this State which relate to intrafamilial duties, rights, and obligations, including laws relating to divorce, alimony, support of minors, husband and wife, parent and child, enforcement of support and related matters, so as to comply with those standards of equal protection under the law announced in the case of *Orr v. Orr*, . . . [It] shall be liberally construed to effectuate [its] purposes . . ."

This is the law which repealed Code Ann. § 53-508 regarding provision by the husband of necessaries for the wife during separation, as pointed out by appellant executrix. This law, however, was basically intended to make Georgia's laws in this area gender neutral. Among other things, it changed Georgia's laws to allow either spouse to obtain temporary or permanent alimony from the other, to make children the responsibility of both parents, and to allow either spouse to claim attorney fees in a divorce case.

In addition to these comprehensive changes in the Family & Domestic Relations Law, the legislature in 1979 also amended the law relating to wills, descent, and administration of estates. Ga. L. 1979, p. 1325. The year's support statute was made gender neutral by adding what is now codified as OCGA § 53-5-1 (b). It entitles a widower as well as a widow to a year's support from the estate.

By its amendment to the year's support statute, the legislature affirmed its intention that the year's support concept remain a part of the law of Georgia. Other than a procedural change not in issue here and the 1979 gender neutralization of the statute, the year's support statute remains unchanged. By adding the widower as equally entitled to a share in the estate, the legislature clearly eliminated the former dependence root for a year's support, which had been based on the historical underpinnings of the husband-wife relationship. The legislature substituted a new basis, i.e., that each spouse was mutually

entitled to a portion of the deceased spouse's estate, although still simply by virtue of the legally-recognized relationship itself. The *measure* of that share was to be a year's support, calculated to fit the particular circumstances. "A year's support" was to be the yardstick for the statutorily-mandated "bequest" to the surviving spouse.

Appellant's argument also does not recognize the difference in the question of whether a spouse is entitled to alimony and whether the legal relationship of husband and wife is still in existence so as to entitle the survivor to a share in the estate in the form of a year's support.

The Georgia Supreme Court, in *Davenport v. Davenport*, 243 Ga. 613, 615-616 (2) (255 SE2d 695) (1979) (reh. denied May 8, 1979), described the difference as follows: "After the . . . 'no fault' divorce Act, this court permitted divorce to be granted on the pleadings and issues of temporary and permanent alimony to be reserved for a later trial. [Cits.] One result of this practice was that if the former husband died *after* the divorce but *before* the alimony determination, the former wife could be left destitute since she would have no right to a year's support as a widow and no right to temporary or permanent alimony. The husband's duty of support was viewed as a personal obligation, extinguished by his death. A secondary problem, . . . was that a wife who was separated but not divorced from her husband lost her claim to temporary alimony when he died before the entry of an alimony award. Although she could claim a year's support from her husband's estate, she could claim nothing after his death for the period of time from separation until death. . . . Where no divorce has been granted, the wife after her husband's death is a widow and is entitled to a year's support."

The Supreme Court in *Davenport* and the legislature in the two acts in 1979 made clear that the year's support right is maintained and extends to both spouses. Therefore, the century-old *Farris* statement, with the addition for husband, remains as valid today as when decided: "It [year's support] requires nothing to give a right to this benefit, except the relation of wife [or husband] or minor child. When that relation exists at the time of the death, the person or persons sustaining it are entitled to make their claim under the terms of the statute, and this court has held that their title becomes absolute." *Farris v. Battle*, 80 Ga. 187, 189, supra.

Appellant's theory based on need or dependence as the current underlying basis for year's support would leave a happily married and financially independent spouse without a right to year's support because there would be no court order in place regarding the obligation to support in the context of a marriage that was not in the process of dissolution. Such was clearly not the intent of the legislature in 1979, which did not condition entitlement on need or dependence or cohab-

itation or interspousal harmony.

*Woodes v. Morris*, 247 Ga. 771 (279 SE2d 704) (1981) does not require a different result. That case dealt with the issue of an illegitimate child's right to a year's support from his father's estate, under what is now OCGA § 53-5-2. The right hinged on the relationship, as it does here. The relationship between parent and child is different from that of spouse and spouse, however, and that difference, insofar as year's support is concerned, is reflected in the wording of OCGA § 53-5-2. It recognizes that only *minor* children are entitled to a year's support. But in a case of a minor child who becomes liberated, such as through marriage, there is no right to year's support because the legal relationship of parent and child, as far as the obligation to support the child, has ceased. See *Grant v. Sosebee*, 169 Ga. 658 (151 SE 336) (1929); *Goss v. Harris*, 117 Ga. 345 (43 SE 734) (1903).

Parents have a legal obligation to support minor unliberated children. OCGA § 39-1-1 (age of majority); § 19-6-13 (parents' obligation to support minor children prior to court order in divorce proceedings). As discussed above, the present law concerning interspousal entitlement to year's support is based on the mutuality of the relationship, not dependence.

To the extent that the executrix's argument is based on the theory of repeal by implication, it fails. Since the repeal of former Code § 53-508 was earlier in time than the amendment to the year's support statute, now codified as OCGA §§ 53-5-1 and 53-5-2, the situation does not succumb to repeal by implication. See *State v. Gill*, 173 Ga. App. 848 (328 SE2d 561) (1985).

2. Appellant's contention that the failure to grant her summary judgment was error is based on the lack of legal obligation argument which has been addressed in Division 1.

3. The executrix contends that the wife's positions in her opposition to the executrix's motion for summary judgment and in her own motion were inconsistent so as to defeat that motion.

While the wife's initial response to the executrix's motion for summary judgment did state "This response . . . is made on the grounds that there is a genuine issue of material fact concerning essential elements of [the wife's] application and award of year's support . . . ," no such disputed fact is ever identified by the wife and the record reveals none. Further, she thereafter amended her response to add her own request for summary judgment on the issue of year's support, and the superior court found that there was no genuine issue of material fact and granted summary judgment. Under the Georgia Civil Practice Act, a mere assertion that there is an issue of material fact, without more, is insufficient basis upon which to oppose an otherwise appropriate motion for summary judgment. OCGA § 9-11-56 (e). Even if the wife had not affirmatively sought summary

judgment, the court could have granted it if it were otherwise proper to do so. *Eiberger v. West,* 247 Ga. 767, 770 (281 SE2d 148) (1981); *Wiggins v. C & S Nat. Bank,* 173 Ga. App. 761 (328 SE2d 222) (1985).

4. The final enumeration of error is that the judgment is contrary to the evidence. This is based on the argument that no year's support is appropriate absent an obligation to support. The record shows a marriage still in place at the time of the spouse's death and the appraisers' award of a year's support to appellee. No objection was made to the return of the appraisers by appellant except that based on the argument in Division 1 hereof. To the extent that appellant, for the first time on appeal, is attempting to contest the amount of the award, that argument will not be considered. *Thompson v. Crouch Contracting Co.,* 164 Ga. App. 532 (297 SE2d 524) (1982).

Compare *Gentry v. Black,* 178 Ga. App. 284 (342 SE2d 729) (1986) cert. granted, June 3, 1986.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1986 —
REHEARING DENIED NOVEMBER 10, 1986

*C. Robert Melton,* for appellant.
*Rudolph Sullivan, Malcolm K. Sullivan,* for appellee.