A98A2141. EVANS v. EVANS.
(514 SE2d 74)

ANDREWS, Judge.

Fawn Evans, widow of Steve Evans who died testate on November 14, 1996, appeals from the trial court's denial of her petition for year's support.

Evans' will, filed for probate on January 3, 1997, left his estate to his children and excluded appellant, stating that he had filed for divorce.[1] Steven Z. Evans was the only child still a minor at the time, and the will provided that Jeffery Evans, another of Evans' sons,

---

[1] The estate consisted of $300,000 from a settlement with the testator's prior employer.

would be executor of the will and testamentary guardian of the property of the minor child.

Caveats were filed to the will by the minor's mother, Zabic, and by the court-appointed guardian of the minor, objecting to Jeffery Evans as executor.[2] These caveats were denied by the court and the will admitted to probate by order of April 25, 1997. That order further directed that the executor "shall not distribute any estate property belonging to [the minor] without obtaining prior written authorization from [the] Court."

On November 12, 1997, Fawn Evans filed her application for 12 months' support pursuant to OCGA § 53-5-2 et seq.[3] Prior to this filing, Jeffery Evans had paid all the estate's debts and distributed shares of the estate to all the heirs except the minor. After the application was filed, Jeffery Evans purchased a cashier's check payable to the minor in the amount of his share, $45,742.51, but did not deliver it due to the court's order requiring authorization.

On December 12, 1997, Zabic filed her Motion for Inquiry by the Court as to Distribution of Estate Property Belonging to Steven Zachary Evans. No application for year's support was filed on behalf of the minor although the statute provides for such. OCGA § 53-5-2 (b); *Hunnicutt v. Hunnicutt*, 180 Ga. App. 798, 801 (1) (350 SE2d 770) (1986); see *Outlaw v. Outlaw*, 121 Ga. App. 284, 286 (7) (173 SE2d 459) (1970).

The court then entered the order here appealed, finding that there were no assets left in the estate from which to pay the year's support because "[o]nce the shares of the estate were determined and distributed to the other beneficiaries, the executor no longer held the remaining share as part of the decedent's estate, but on behalf of the minor's estate. In essence, Jeffery Evans held the legal title to the property, but the beneficial interest belonged to Steven Zachary Evans, making Jeffery Evans the trustee of an implied trust."

"[E]ntitlement to a year's support award is a matter of status. . . . When one establishes that he or she is the spouse of the deceased, eligibility for year's support is also established. The amount of the award remains as a separate inquiry." *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188) (1987). That the couple has separated or is in the process of divorcing does not negate this right. *Hunnicutt*, supra; *Knowles v. Knowles*, 125 Ga. App. 642, 648 (5) (188 SE2d 800) (1972).

At the time of the filing of Fawn Evans' application, the estate

---

[2] Although there is no copy of the caveat filed by Zabic in the record, the trial court's order of April 25 states that one was filed.

[3] This case is controlled by the pre-1998 version of the year's support statutes. *Richards v. Wadsworth*, 230 Ga. App. 421, 422 (2) (496 SE2d 535) (1998).

still contained $45,742.51. No action had been taken by the executor to obtain the court's permission to distribute these funds to the minor and they were still part of the deceased's estate. See *Nuckolls v. Merritt*, 216 Ga. 35, 36 (114 SE2d 427) (1960).

That the executor attempted to designate the funds for the minor by purchasing the cashier's check after the application was filed is of no avail.

OCGA § 53-5-14 provides:

> The right of a surviving spouse or minor child to a year's support from the estate of a decedent shall be barred by a sale or conveyance made under authority of a court of competent jurisdiction or under power in a will, by an administrator or executor of the estate, prior to the setting apart of the year's support; provided, however, that the sale or conveyance shall bar the year's support and the rights thereto only as to the property sold or conveyed.

In *Anderson v. Groover*, 242 Ga. 50, 51 (247 SE2d 851) (1978), the Supreme Court determined that this statute

> was intended to offer protection to third party purchasers of property in an estate against claims for year's support; *it was not intended to exempt devises and legacies from year's support*. Were it to be so construed, it would be a mechanism by which all the assets in an estate could escape a levy of year's support. This would be contrary to the statutory scheme establishing year's support and the public policy of this state which it implements. See [OCGA § 53-5-2] et seq.; [cit.].

"Whenever a year's support is carved out of property disposed of by will, the intention of the testator is defeated pro tanto. . . . [T]he right to a year's support overrides the testator's instructions." *Burch v. Harrell*, 57 Ga. App. 514, 516-518 (1) (196 SE 205) (1938). See also *Richards v. Wadsworth*, 230 Ga. App. 421 (496 SE2d 535) (1998).

Therefore, since even a deed of assent to devise realty, involved in *Anderson*, supra, will not preclude the grant of a year's support from the property affected, neither will the mere purchase of a cashier's check after the filing of the application.

Similarly, the imposition of an implied trust on assets of an estate under these circumstances cannot be sustained. To do so would allow the heirs to defeat the vested right of a year's support upon a determination of the respective shares due to each even if they had not been distributed.

Therefore, Fawn Evans was entitled to a year's support, and this

matter is remanded to the trial court for further proceedings.

*Judgment reversed. Pope, P. J., concurs. Beasley, P. J., concurs specially.*

BEASLEY, Presiding Judge, concurring specially.

I agree that the judgment of the probate court should be reversed but not for the reason stated.

The probate court is not a court of equity and thus did not have the power to impress a trust on the property still held in the executor's hands. *Evans v. Little*, 246 Ga. 219, 221 (271 SE2d 138) (1980) (superior court, not probate court, has equity jurisdiction); see *Logan v. Nunnelly*, 230 Ga. 588 (198 SE2d 321) (1973) (probate court does not have general equity jurisdiction). The only reason the executor held the property is that he had not yet received permission of the probate court to disburse it to the guardian of the minor who was entitled to it. Indeed, it appears that a court of equity could find that only the legal title remained in the executor and that the beneficial title belonged to the minor, as it had already been identified as his and set apart for him, and it was undisputed that he was to share in his father's estate to this extent along with the other children. The others had all received their legacies because they were adults and no further court supervision was called for. But the minor's share was not yet formally "conveyed" to him for the sole reason that he was a minor. As a result, the majority holds, he will be deprived of it in favor of a late-filed petition for year's support by his father's estranged wife. But whether equity would consider the circumstances to constitute a "conveyance" as contemplated by OCGA § 53-5-14 could be addressed only by a court having equity jurisdiction.

Secondly, the probate court could not decide the issue of disputed ownership because it involves title to the property.

> In Georgia, it is well-settled that probate courts do not have jurisdiction to adjudicate conflicting claims of title to real or personal property. Ga. Const. 1983, Art. VI, Sec. III, Par. I; OCGA § 15-9-30 et seq.; *Dix v. Dix*, 132 Ga. 630 (64 SE 790) (1909); *Johnson v. Johnson*, 199 Ga. App. 549 (1) (405 SE2d 544) (1991).

*In re Estate of Adamson*, 215 Ga. App. 613 (1) (451 SE2d 501) (1994). See *McClure v. Mason*, 228 Ga. App. 797, 798 (1) (493 SE2d 16) (1997) ("the probate court could only award Mrs. Mason property belonging to her husband's estate and had no jurisdiction to determine whether the property was vested in her, [the decedent's] estate or in the bankruptcy estate"); *Morris v. Morris*, 123 Ga. App. 116-117 (179 SE2d 536) (1970) (probate court "has no jurisdiction to try and

determine conflicting claims to property").

Now the question is, what should have been done? The probate court decided the issue as a "conclusion of law" but should have transferred the case to the superior court for resolution. That was the course of action taken in *Anderson v. Groover*, 242 Ga. 50 (247 SE2d 851) (1978), when an issue was made about whether certain property was to be considered conveyed because it was the subject of a deed of assent. The Supreme Court, on appeal from the superior court which decided the question, ruled that the assent to devise was not a "conveyance." Of course, we have a different question here, but it is still a question of ownership, which was made an issue in the probate court by the filing of Motion for Inquiry, the answer of the child's guardian ad litem objecting to the widow's petition for year's support, and the executor's listing of "disbursements" as including "Check — Steven Zac[h]ary Evans." These three individuals took the position that the money was already the child's before the year's support to the estranged widow could be awarded.

The Georgia Constitution provides: "Any court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. The uniform rules of court (Uniform Superior Court Rule 19.1) provide for it. *Johnson v. Hamilton*, 211 Ga. App. 268, 269 (1) (438 SE2d 715) (1993), held:

> If the probate court lacks jurisdiction over a claim or counterclaim, the proper procedure is not to dismiss the case but timely to "transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." [Cit.]

Cf. *Dept. of Human Resources v. Long*, 217 Ga. App. 763, 766 (458 SE2d 914) (1995) (superior court may transfer case to probate court to answer question of competency). Following this procedure would avoid the waste in time, resources, expenses and the inefficiencies of case administration which would result in the inevitability of a separate superior court action after the judgment required by the majority is entered.

DECIDED MARCH 12, 1999.

*H. Patterson Garner*, for appellant.
Jeffery D. Evans, *pro se.*