A00A1213. BROWN v. ESTATE OF BROWN.
(539 SE2d 824)

MILLER, Judge.

Within two years of Walter Brown, Sr.'s death, his widow Corine Brown petitioned his estate for a year's support. The estate's executor and the Browns' minor children objected, arguing that she had already elected to take two real property bequests under his will in lieu of a year's support. They urged that (1) her receipt of the will which expressly set forth that the bequests were in lieu of her year's support, (2) her receipt of a deed from the executor granting her the real property interests so devised, (3) her subsequent payment of property taxes on the real estate parcels, and (4) her receipt since September 1997 of the rental income from the income-producing property established as a matter of law that she had knowingly elected to take the bequests in lieu of her right to a year's support. The probate court agreed and granted summary judgment in favor of the estate on Mrs. Brown's petition.

The question on appeal is whether (1) her affidavit that she was unaware of her right to a year's support, and (2) the absence of any evidence that she knew the condition of the estate precluded the probate court from entering summary judgment against her. We answer in the affirmative and reverse.

1. Former OCGA § 53-5-5[1] provided that "[a] testator by his will may make provision for his spouse in lieu of year's support, in which case the surviving spouse must make an election." Where such a provision has been made and accepted by the wife after the husband's death, her right to a year's support is barred.[2]

"It is well settled that a widow is entitled to a full disclosure of her rights and the condition of the estate before any agreement or election on her part as to the division of the estate is binding."[3] Thus, even though a widow elects to take a bequest in lieu of year's support, "she is not bound by such election, if made in ignorance of the condition of his estate or of any other fact material to her interest."[4] Absent undisputed evidence that the widow had the required knowledge at the time of her election, summary adjudication in favor of the estate is unauthorized.[5]

Setting aside whether the evidence unequivocally showed that Mrs. Brown made an election,[6] we note that Mrs. Brown, who had only six years of formal education, was seventy-six when the will was offered for probate in solemn form. She testified that she was unaware of her year's support rights at the time of the alleged election, and the executor presented no evidence that Mrs. Brown knew the condition of the estate at that time. On this record, the court could not grant summary judgment against Mrs. Brown.

2. The executor then argues that since Mrs. Brown had been separated from Mr. Brown for 21 years at the time of his death, during which time he had provided her no financial support, no year's support is due. Separation of a legally married couple does not deprive

---

[1] Pursuant to Ga. L. 1996, p. 504, § 10, a new set of Code sections on year's support (OCGA § 53-3-1 et seq.) became effective on January 1, 1998, to the extent that no vested rights of title, year's support, succession, or inheritance were impaired. See Editor's notes at the beginning of Chapter 3 of Title 53. Mrs. Brown acquired a vested right to a year's support on her husband's death. *McNair v. Rabun*, 159 Ga. 401, 410 (2) (126 SE 9) (1924). Since Mr. Brown died in December 1996, we rely on the previous statute as governing Mrs. Brown's claim to a year's support. *Davis v. Hawkins*, 238 Ga. App. 749, 750, fn. 4 (521 SE2d 10) (1999); see *Richards v. Wadsworth*, 230 Ga. App. 421, 422 (2) (496 SE2d 535) (1998).

[2] *Bowen v. Bowen*, 200 Ga. 572 (1) (37 SE2d 797) (1946).

[3] (Citations omitted.) *Helmly v. Savannah Bank &c. Co.*, 228 Ga. 548, 550 (186 SE2d 883) (1972); see *Hubbard v. Hubbard*, 218 Ga. 617, 619 (2) (129 SE2d 862) (1963); *Giles v. Giles*, 135 Ga. 683 (1) (70 SE 335) (1911).

[4] *McNair*, supra, 159 Ga. at 408 (1).

[5] *McLean v. McLean*, 51 Ga. App. 751, 752 (181 SE 707) (1935); see *Adams v. Adams*, 249 Ga. 477, 481 (4) (291 SE2d 518) (1982) ("[w]hether the widow made a knowing waiver of her right to year's support based upon an adequate consideration is a question of fact. [Cit.]").

[6] Cf. *Anderson v. Groover*, 242 Ga. 50, 51 (247 SE2d 851) (1978) (deed of assent by executor does not alone constitute an election by the widow). And see *Adams*, supra, 249 Ga. at 480 (3) ("the grant of a life estate to the widow under a will does not preclude an award of year's support. [Cits.]").

the widow of her right to a year's support from his estate.[7] Conversely, the widow's economic dependency on the husband prior to his death is no longer relevant in determining whether she is entitled to a year's support.[8] Rather, "entitlement to a year's support award is a matter of status. . . . When one establishes that he or she is the spouse of the deceased, eligibility for year's support is also established."[9]

Of course, at that point the amount of the award becomes a separate inquiry,[10] based on the factors set forth in former OCGA § 53-5-2 (c). This is an equitable, fact-based determination that should be done on a full record.[11] Even if after applying these factors the court determines no money is due, the former Code section mandated a minimum payment of $1,600 to the widow.[12] Summary judgment against Mrs. Brown was accordingly unauthorized.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, the estate argues that Mrs. Brown has not tendered back the rental income or deeds on the properties devised to her and thus is barred from seeking a year's support. But prior to Mr. Brown's death, evidence showed that Mrs. Brown for many years owned a one-half interest in the two properties with Mr. Brown owning the other half interest. She resided on one, and the other was rental property. She continued to live on the one and began for the first time receiving the rental income on the other after Mr. Brown's death. Since she owned an interest in both properties before Mr. Brown's death, her remaining on the residential property and receiving the current rental income on the other are entirely consistent with her predeath property interests and cannot constitute a clear election of the bequests, even if she has not formally tendered the unsolicited deeds back to the estate. Moreover, the court could well award her the properties as a part of her year's support.[13]

---

[7] *Knowles v. Knowles*, 125 Ga. App. 642, 648 (5) (188 SE2d 800) (1972); accord *Hunnicutt v. Hunnicutt*, 180 Ga. App. 798 (1) (350 SE2d 770) (1986). And see *Farris v. Battle*, 80 Ga. 187 (7 SE 262) (1887) (widow of Georgia decedent entitled to year's support even though she was never a Georgia resident and even though they lived separate and apart for any length of time).

[8] *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188) (1987); see *Hunnicutt*, supra, 180 Ga. App. at 800 (1).

[9] *Gentry*, supra, 256 Ga. at 570.

[10] Id.

[11] See former OCGA § 53-5-2 (c).

[12] Former OCGA § 53-5-2 (b); see *Richards*, supra, 230 Ga. App. at 422-424 (3).

[13] See, e.g., *Reynolds v. Norvell*, 129 Ga. 512 (2) (59 SE 299) (1907).

The other points raised in the motion are already addressed in the text of our opinion. The estate's motion for reconsideration is denied.

*Motion for reconsideration denied.*

DECIDED SEPTEMBER 22, 2000 —
RECONSIDERATION DENIED OCTOBER 11, 2000.

*Hendrix Law Firm, Robert R. Cook*, for appellant.
*Hunter, Maclean, Exley & Dunn, Mills L. Morrison, Robert A. Lewallen, Jr.*, for appellee.