34294. SKELTON et al. v. SLATON.

NICHOLS, Chief Justice.

Skelton, the commissioner of the Department of Human Resources, sought a declaration that Section 2 of Ga. L. 1977, pp. 1293, 1295 (Code Ann. § 27-1503) denies to persons within his care equal protection and due process in violation of the State and Federal Constitutions. He appeals the judgment adverse to his contentions. This court affirms.

The Act provides: "(a) In all criminal trials in any of the courts of this State wherein an accused shall contend that he was insane or mentally incompetent under the law at the time of the act or acts charged against him were

committed, the trial judge shall instruct the jury that, in case of acquittal on such contention, the jury shall specify in their verdict that the accused person was acquitted because of mental incompetence or insanity at the time of the commission of the act. If such verdict of acquittal is returned by the jury, the court shall retain jurisdiction over the person so acquitted and shall immediately inquire into the sanity of the person at the time of acquittal and, upon a showing of good cause by the prosecutor, may defer ruling upon the same and order such person to be confined in a State mental hospital, to be selected by the Department of Human Resources for a period of not less than 30 days. A person committed to the Department of Human Resources pursuant to this section shall not be released from confinement unless and until the court which committed him, after notice and hearing, shall find and determine that such person does not meet the criteria for civil commitment under Code Chapter 88-5 or 88-25, as now or hereafter amended. Nothing in this section contained shall prevent the transfer of such person from one State hospital to any other State hospital by the Department of Human Resources or the transfer of such patient to a hospital in another state in the manner provided by law, upon order of the superior court in the county from which he was committed, or in which he is detained.

"(b) An application for the release of a person who has been committed to the Department of Human Resources under subsection (a), upon the grounds he does not meet the civil commitment criteria under Code Chapter 88-5 or 88-25, as now or hereafter amended, may be made to the superior court of the county from which he was committed, either by such person or by the superintendent of the State hospital in which the said person is confined. No hearing upon such application shall be allowed until the person committed shall have been confined for a period of not less than 30 days from the date of the order of commitment. If the finding of the court is adverse to releasing such person on the ground that such person meets the civil commitment criteria under Code Chapter 88-5 or 88-25, as now or hereafter amended, a further application shall not be heard by the court until

one year has elapsed from the date of hearing upon his last preceding application."

The Act specifies that the trial court shall retain jurisdiction over the person acquitted by reason of mental incompetence or insanity at the time of the commission of the offense "and shall immediately *inquire into* the sanity of the person at the time of acquittal." (Emphasis supplied.) This inquiry, of course, must be conducted so as to afford the person due process of the laws. Baxstrom v. Herold, 383 U. S. 107 (1966). The Act allows the trial court to defer ruling upon the issue of sanity at the time of acquittal in order to allow evaluation of the person in a state mental institution. It places a duty upon the Department of Human Resources to petition the court for the release of the person, after an evaluation period of at least 30 days, in the event that the department determines that the person does not meet the criteria for civil commitment. The department may not release the person upon its own determination that he does not meet the civil commitment criteria. Rather, the person shall not be released unless and until the court that committed him determines during a hearing that is replete with the requirements of due process that the person does not meet the civil commitment criteria. The person himself may seek his release under identical procedures. The Act thereby affords the person due process of the laws prior to a final order committing him to a state mental institution whether or not he is committed temporarily to a state mental institution for evaluation. United States v. Jackson, 553 F2d 109 (D. C. Cir. 1976); Powell v. Florida, 579 F2d 324 (5th Cir. 1978).

The procedures for commitment after acquittal by reason of lack of mental competence need not be absolutely identical in every respect with the procedures for civil commitment. It suffices that the civil commitment criteria are to be applied in both instances. The provisions of the Act disallowing the filing of another application for release until one year has elapsed from the denial of the last preceding application and allowing release only upon court order do not offend current concepts of due process or equal protection of the laws. United States v. Jackson, supra; Powell v. Florida, supra;

In re Ingram, 140 Cal. Rptr. 572 (1977); In re Moye, 141 Cal. Rptr. 608 (1977).

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED JANUARY 8, 1979 — DECIDED APRIL 5, 1979.

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.

*Jonathan A. Zimring,* amicus curiae.