A95A0603. DEPARTMENT OF HUMAN RESOURCES v. LONG.
(458 SE2d 914)

POPE, Presiding Judge.

After David Long was indicted for rape, the Superior Court found he was not competent to stand trial and not likely to become competent in the foreseeable future. Based on Long's extensive history of suicide attempts as well as sexual misconduct and other dangerous behavior, and with the consent of both the State prosecutor and Long's counsel, the Superior Court then determined that Long met the criteria for civil commitment and ordered that he be committed to the care of the Department of Human Resources (DHR). The DHR appeals this order, arguing in its sole enumeration of error that

the Superior Court exceeded its jurisdiction because only a probate court has the authority to determine whether a pretrial detainee meets the criteria for civil commitment. We conclude the Superior Court did not exceed its jurisdiction and therefore affirm.

Once a person is found to be mentally incompetent to stand trial and not likely to attain competency in the foreseeable future, "[i]f the person meets the criteria for civil commitment, he shall thereupon be civilly committed to a state institution pursuant to Chapter 3 . . . of Title 37." OCGA § 17-7-130 (c). Chapter 3 of Title 37 provides procedures for commitment of patients for involuntary treatment, see OCGA §§ 37-3-62 and 37-3-81, and establishes criteria for involuntary commitment: the patient must be mentally ill and present a substantial risk of harm to himself or others, or be so unable to care for his health and safety as to create an imminently life-endangering crisis. See OCGA § 37-3-1 (12) and (9.1). OCGA § 37-3-1 (4) (A) further provides that as a general matter, references to the "court" in this Chapter mean the probate court of the patient's county of residence. See also OCGA § 15-9-30 (a) (9) ("Probate courts have authority, unless otherwise provided by law, to exercise original, exclusive, and general jurisdiction of all matters as may be conferred on them by Chapter 3 of Title 37").

Because the probate courts will generally have original and exclusive jurisdiction to make determinations regarding mentally ill persons under OCGA § 37-3-1 et seq., the DHR contends that only the probate courts can make the determination under OCGA § 17-7-130 (c) on whether an incompetent pretrial detainee meets the criteria for civil commitment and thus should be committed "pursuant to Chapter 3 . . . of Title 37." This argument ignores the *context* of the civil commitment determination with respect to an incompetent pretrial detainee, however. Where the question of civil commitment arises in the course of a criminal felony case over which a superior court has exclusive jurisdiction, it would be inefficient and cumbersome to require the superior court to transfer the case to the probate court to have the question answered; and nothing in the language of OCGA § 17-7-130 requires this or suggests that the legislature contemplated such a transfer.

Moreover, we know the legislature considers the superior courts capable of making the determination regarding civil commitment, since it clearly gave them the responsibility to determine whether the criteria for civil commitment are met in cases where a defendant is found not guilty by reason of insanity. See OCGA § 17-7-131 (e) (4). We see no reason why a superior court, as the court with exclusive jurisdiction over a criminal felony case, should be able to make a decision regarding civil commitment when a defendant is found not guilty by reason of insanity but not when the defendant is found incompe-

tent to stand trial. Notably, the Code section providing that a patient may petition for a writ of habeas corpus to question the cause and legality of his commitment treats patients committed under OCGA § 17-7-130 (incompetent to stand trial) and those committed under OCGA § 17-7-131 (not guilty by reason of insanity) the same: for patients committed under either of these statutes, "a copy of the petition along with proper certificate of service shall also be served upon the presiding judge of the court ordering [the patient's] detention *and the prosecuting attorney for such court.*" (Emphasis supplied.) OCGA § 37-3-148 (a). Probate courts, of course, do not have prosecuting attorneys.

For these reasons, we conclude that the legislature's pronouncement that the detainee should be committed "pursuant" to Chapter 3 of Title 37 simply means he should be committed in accordance with the procedures and criteria set forth in that chapter; it does not mean that the case must be transferred to the probate court because of that court's jurisdiction over civil commitments as a general matter.[1] See *American Heritage Dictionary*, p. 1006 (2d college ed.) ("pursuant" means conforming to or in accordance with).

The DHR further posits that under federal constitutional law, the civil commitment of a pretrial detainee must be exactly like that of any other individual, or it will violate his equal protection and due process rights. See *Jackson v. Indiana*, 406 U. S. 715 (92 SC 1845, 32 LE2d 435) (1972). Thus, the DHR argues, the constitution requires that if the probate court has exclusive jurisdiction to civilly commit a non-pretrial detainee, it must also have exclusive jurisdiction to civilly commit a pretrial detainee. But the DHR misses the point of *Jackson* by focusing on who makes the decision rather than the procedures and criteria utilized to make it. The commitment does not have to be identical, as long as the process used to commit the pretrial detainee is at least as protective of his rights as the process used to commit the non-pretrial detainee is protective of his. Cf. *Skelton v. Slaton*, 243 Ga. 426 (254 SE2d 704) (1979) (as long as criteria for civil commitment are applied, civil commitment of patient acquitted by reason of insanity need not be absolutely identical to civil commitment in other contexts). Certainly a pretrial detainee's rights are not compromised by having a *higher* court of general jurisdiction make

---

[1] The DHR has called our attention to a proposed amendment to OCGA § 17-7-130 which would "clarify" the legislature's intent that probate courts make the decision about civil commitment of pretrial detainees, even in the context of a felony case over which superior courts have exclusive jurisdiction. As the proposed amendment was not passed and apparently did not even come up for a vote in the most recent legislative session, it does not affect our analysis. But its existence does reassure us that if we have misinterpreted the legislature's intent, that body will be aware of our action and should act to correct it in the not-too-distant future.

the decision regarding his commitment, and the DHR does not suggest any way in which they are.

In this case, the Superior Court made its decision to commit based on a record replete with evidence of Long's dangerousness towards himself and others. The record also shows that Long is unable to take care of himself: he does not understand money and gives away whatever money he has, and he cannot perform even basic tasks of personal hygiene.[2] Moreover, both Long and the State agreed to the committal order. It is not clear from the record that all of the procedures for involuntary committal in Chapter 3 of Title 37 were followed. It is clear, however, that Long waived his right to these procedures by consenting to the order committing him. See OCGA §§ 37-3-62 and 37-3-81 (patient may waive procedures required for his protection).

In summary, we hold that a superior court has authority to civilly commit a pretrial detainee who is incompetent to stand trial, as long as it utilizes the criteria and procedures set forth in Chapter 3 of Title 37 in making its decision. (It may also transfer the case to the probate court if it chooses to do so.) Here, the trial court did not exceed its authority in ordering civil commitment of Long, as it utilized the criteria of Chapter 3 and Long waived any procedures which were not followed.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED JULY 10, 1995.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, B. Patricia Downing, Assistant Attorney General,* for Department of Human Resources.

*Lewis R. Slaton, District Attorney, Donald P. Geary, Assistant District Attorney,* for the State.

*Paul H. Kehir, Susan Wardell,* for Long.

---

[2] The DHR doctor opined that Long did not meet the criteria for civil commitment. Long's own doctor stated that he did meet the criteria for civil commitment, however, and the Superior Court agreed. In light of the record in this case, it did not err in doing so.