34076.   TRUSCO FINANCE COMPANY *v.* CROWLEY.

Decided June 4, 1952.

*Stevens & Stevens, Spalding, Sibley, Troutman & Kelley, W. K. Meadow,* for plaintiff in error.

*Knox & Neal,* contra.

FELTON, J. The exceptions dealing with the excessiveness of the return were not argued or expressly insisted upon and will be treated as abandoned.

The plaintiff in error contends that the caveat did not raise the questions of "determining conflicting claims, nor adjudicating title to property, but the simple question as to whether or not a particular type or class of property, under the facts shown in the proceeding, is subject to be set aside as a part of year's support." Counsel for the plaintiff in error make an able and persuasive argument on this point, but we feel that the contention here is without merit. The caveat sought to show that the petitioner and the minor children were equitably estopped to deny that the store building was partnership property. This in effect was setting up a claim adverse to that of the estate. While it is true, as contended by the plaintiff in error, that a court of ordinary can set aside a year's support only out of the assets of the deceased's estate (*Johnson* v. *City of Blackshear,*

196 *Ga.* 652 (2b), 27 S. E. 2d, 316; *Harris* v. *Mandeville,* 195 *Ga.*
251, 252 (6), 24 S. E. 2d, 23; *Burckhalter* v. *Planters Loan &c.
Bank,* 100 *Ga.* 428, 431 (1), 28 S. E. 236), still, the issue as to
whether the property set aside is the property of the deceased's
estate cannot be raised in the court of ordinary by a creditor's
caveat which is tantamount to a claim to the property. Courts
of ordinary do not have jurisdiction to try claims to or title to
real property. *Dix* v. *Dix,* 132 *Ga.* 630 (3) (64 S. E. 790);
*Durham* v. *Durham,* 107 *Ga.* 285 (33 S. E. 76). The jurisdic-
tion of the superior court on appeal was no greater than that of
the court of ordinary in which the case originated. *Maloy* v.
*Maloy,* 134 *Ga.* 432 (2) (68 S. E. 80). The issue here sought
to be raised is the same issue that would be raised by a levy by
the caveator and a claim filed by the widow, or the application
of the caveator in the receivership to have the property equitably
subjected to its debt, neither of which issues is within the juris-
diction of the court of ordinary. Should a court of ordinary set
aside as a year's support real property not that of the deceased's
estate, that judgment would not be binding as to third parties
situated as the caveator here, and would not be res judicata in
a subsequent trial of the issues in a proper court. *Johnson* v.
*City of Blackshear,* supra; *Dix* v. *Dix,* supra (headnote 3).
Therefore, the caveator was not prejudiced by not being able to
interpose its contention that the property in question was subject
to its claim. A court of ordinary is a court of general jurisdic-
tion in the matter of a year's support to the extent that there is
every presumption in favor of a court of ordinary's judgment in
such matter, and to the extent that such a judgment can not be
collaterally attacked except where the record shows want of
jurisdictional facts (*Smith* v. *Smith,* 187 *Ga.* 743, 745 (2), 2 S.
E. 2d, 417); but a court of ordinary does not have general juris-
diction as to all subject matters. Code, § 24-1901. The case
of *Berry* v. *Smith,* 85 *Ga. App.* 710 (70 S. E. 2d, 62) is distin-
guishable because the issue in that case was whether an adminis-
trator should be appointed. The main question was whether
there was an asset of the estate to be administered. It was
incidentally decided, at least for the purpose of disposing of the
main issue, that a certain asset was not the subject matter of
a year's support. There was no contention that the insurance

policy was not a part of the estate because a third person claimed title to it or because the widow was estopped to claim it.

The court did not err in sustaining the demurrers to those paragraphs of the caveat attempting to show the store building as partnership property and in dismissing the caveat.

*Judgments affirmed. Sutton, C.J., and Worrill, J., concur.*