23178, 23179. BROWN et al. v. GRANITE HOLDING CORPORATION; and vice versa.

CANDLER, Presiding Justice. Granite Holding Corporation, a New York corporation, filed a suit in the Superior Court of Elbert County against Mrs. Frances A. Brown, W. P. Huie, E. L. Faulkner, Hoke D. Thomas; Zack D. Thomas, and John P. Drennan. The allegations of the petition in substance are as follows: On December 5, 1929, C. C. Nash for a consideration of $800 conveyed to Paul Brown an undivided one-half interest in a described tract of land in Elbert County consisting of 8 acres, more or less. On January 6, 1930, C. C. Nash for a consideration of $2,000 conveyed his remaining undivided one-half interest in the same

tract to Joseph Snyder and such deed was duly recorded in Elbert County on the day of its execution. On June 20, 1933, Joseph Snyder for a consideration of $10 and other valuable consideration conveyed his undivided one-half interest in such tract to Granite Holding Corporation of Elbert County, Ga., and such deed was duly recorded in that county on June 20, 1933. After the death of Paul Brown and on September 24, 1961, his widow, Mrs. Brown applied to the Court of Ordinary of Elbert County for a year's support out of his estate and the appraisers set apart to her the entire interest in said tract and their return was by judgment of that court approved and ordered recorded at its January term, 1962. On October 11, 1962, Mrs. Brown conveyed the entire tract to W. P. Huie by a warranty deed which was duly recorded on December 14, 1962. W. P. Huie on December 14, 1962, conveyed an undivided one-half interest in such tract to R. L. Faulkner by a warranty deed which was duly recorded on December 20, 1962. On October 8, 1963, W. P. Huie and R. L. Faulkner for a valuable consideration leased the entire tract to Hoke D. Thomas, Zack D. Thomas and John P. Drennan for a period of 5 years and by the terms of such lease granted them the right to mine and remove granite therefrom and also gave them an option to purchase the leased premises for $15,000 at any time during the 5-year lease period. The petition further alleges that since the estate of Paul Brown owned only an undivided one-half interest in such tract, the appraisers who were appointed to set apart a year's support to his widow could legally set apart to her no greater interest in such tract than the undivided one-half interest his estate owned therein and that the judgment approving such return and the record of that proceeding constitute a cloud on petitioner's title to its undivided one-half interest and that a decree declaring such proceeding null and void as to petitioner's interest in such tract should be granted so that the cloud which that proceeding places on petitioner's interest in the tract will be removed. The petition also alleges that the deeds executed by the defendant Mrs. Brown and the other defendants, including the lease contract, all of which are recorded in Elbert County, are clouds upon petitioner's title to an undivided one-half interest in the tract and that those instruments should be canceled insofar as they relate to petitioner's interest in the

property so as to remove the clouds they place upon it. It is also alleged that the tract involved was vacant and not in the possession of anyone until the defendants Hoke D. Thomas, Zack D. Thomas and John P. Drennan entered upon and took possession of it during July 1964, under and pursuant to their lease contract from the defendants Huie and Faulkner. It is also alleged that Hoke D. Thomas, Zack D. Thomas and John P. Drennan, pursuant to the provisions of their lease contract have removed timber and granite from such tract, the amount and value of which are unknown to petitioner but well known to the defendants Huie and Faulkner and that they should be required to render an accounting to petitioner showing the amount of timber and granite removed from such tract. The prayers are that the year's support judgment setting apart to Mrs. Brown the entire interest in such property and the deeds from her to W. P. Huie and from Huie to Faulkner, together with the lease and option contract given by Huie and Faulkner to Hoke D. Thomas, Zack D. Thomas and John Drennan be declared null and void and canceled insofar as they affect petitioner's title to an undivided one-half interest in such tract; that defendants Huie and Faulkner be required to render an accounting showing the amount of the proceeds received by them for the timber and granite removed from the tract and that petitioner have judgment against them for his half thereof; that petitioner have judgment against the defendant Mrs. Brown for the damages resulting to it from her wrongful act in having the entire interest in the land involved set apart to herself as a year's support from the estate of her deceased husband; and that title to an undivided one-half interest in the tract be decreed in petitioner.

The defendants filed separate but like general demurrers to the petition on the ground that it stated no cause of action for any of the relief sought and on the further ground that its allegations show petitioner has an adequate and complete remedy at law, namely, ejectment. All of the demurrers were overruled and the defendants appealed that judgment to this court.

The defendants filed separate answers to the petition. The defendant Mrs. Brown's answer avers that the Granite Holding Corporation and Joseph Snyder in 1936 or 1937 transferred and delivered their title to an undivided one-half interest in

the property involved to Paul Brown, her husband, in payment and satisfaction of a debt they were due him; that her husband at that time entered into actual possession of such property and remained in exclusive possession of it continuously for a period of more than 20 years under a claim of right; that after the death of her husband, it was set apart to her as a year's support from his estate by the Court of Ordinary of Elbert County; and that she later conveyed it to the defendant W. P. Huie for a valuable consideration. Her answer further avers that Granite Holding Corporation is because of its long delay estopped to assert title to or claim any interest in and to the property involved. The defendants Huie and Faulkner by their answers averred that they hold legal title to the property involved as immediate and remote grantees of the defendant Mrs. Brown and that their deeds were duly recorded in Elbert County soon after the executions thereof. The other three defendants by their answers admitted that they were removing timber and granite from the tract under their lease from the defendants Huie and Faulkner. The petitioner demurred and moved to strike the defendants' answers on the ground that they aver no defense to its petition. Such demurrers and motions to strike were overruled and the plaintiff filed a cross appeal to that judgment. *Held:*

1. It is argued that the petition is fatally defective and should have been dismissed on general demurrer because it fails to allege that the laws of New York permit Georgia corporations to maintain an action like this one in the courts of that State and because it fails to allege that the plaintiff has charter power to purchase and own real estate. Neither of these contentions is meritorious.

(a) *Code* § 22-1501, declares: "Corporations created by other States or foreign Governments shall be recognized in the courts of this State only by comity, and so long as the same comity is extended in the courts of such other States or foreign Governments to corporations created by this State." The general rule is that it is not necessary for a foreign corporation in order to maintain an action in the courts of a sister State to allege compliance with statutory requirements imposed on it as a condition to its right to sue in a foreign State; but the absence of its right to do so is a matter of defense to be pleaded in bar or in abatement of the litigation

institued by it in a sister State. 20 CJS 136, § 1909. We have found no reported case in this State and none has been cited where a foreign corporation suing in the courts of this State to protect the title to land it claims to own here was dismissed on demurrer because the petition failed to allege that a corporation of this State could maintain a like action in the courts of the State where such foreign corporation was created.

(b) The full-bench decision of this court in *Bass v. African Methodist Episcopal Church*, 150 Ga. 452 (1) (104 SE 437) is controlling authority for the proposition that a suit involving land, in order to state a cause of action, need not allege that the charter of the suing corporation empowers it to purchase and own land. In that case the plaintiff (African Methodist Episcopal Church, an Ohio corporation) filed a suit in the Superior Court of Hancock County to require the defendant Bass to specifically perform a contract which obligated him to convey to the plaintiff a small tract of land for church purposes. There the petition was demurred to on the ground that it did not allege that the plaintiff had charter power to purchase and own land. In rejecting the soundness of that contention, this court said (p. 457): "We hold broadly that a corporation chartered under the laws of a sister State, suing in the courts of this State, is not required to set out in the petition the terms of its charter showing its capacity to maintain the action." And a ruling different from the one here made is not required by the decision in *Carver Cotton Gin Co. v. Barrett & Caswell*, 66 Ga. 526, which is cited and relied on by the defendants in error. There a judgment dismissing the petition of a foreign corporation on demurrer was affirmed by this court on the ground that the petition failed to show title, either legal or equitable in the complainant.

2. A petition is not subject to general demurrer assailing it as a whole if it is good in substance for any part of the relief sought, either legal or equitable. *Greene v. Kelly*, 193 Ga. 675, 679 (1) (19 SE2d 718); *Edwards v. United Food Brokers*, 195 Ga. 1, 8 (3c) (22 SE2d 812). And since passage of the uniform procedure act, where a suit is filed in a superior court, which has general jurisdiction both in law and in equity, the petition is not subject to general demurrer on the ground that the plaintiff has an adequate remedy at law,

if it states a cause of action for either legal or equitable relief or both. *Code* §§ 37-901, 37-907; *Pardue Medicine Co. v. Pardue,* 194 Ga. 516 (1) (22 SE2d 143); *Echols v. Thompson,* 210 Ga. 37, 38 (77 SE2d 521). Here the allegations of the petition are sufficient to state a cause of action for both the legal and the equitable relief sought and under *Code* § 81-101 such an action is maintainable in the superior courts of this State.

3. The demurrers question the plaintiff's right to maintain this action because of its long delay in asserting its alleged cause of action. This contention is not meritorious. *Code* § 37-119 declares: "Equity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." But "Laches is an equitable defense, and a petition for equitable relief is not subject to demurrer on the ground of laches unless the allegations of fact affirmatively show such defense." *Hadaway v. Hadaway,* 192 Ga. 265, 269 (14 SE2d 874). The facts alleged in this petition do not show that the plaintiff's right of action was barred; they show that all of the acts complained of occurred less than three years before this litigation was instituted and that the land involved was unimproved and vacant land until the lessees of the defendants Huie and Faulkner entered upon and began to remove timber and granite from it in 1964.

4. "It is true as a matter of law that a year's support for a widow can be set apart to her only from the estate of her deceased husband; and if property included therein does not as a matter of fact constitute a part of his estate, the judgment of the court of ordinary simply will not attach to such property, but will be void as applied thereto." *Johnson v. City of Blackshear,* 196 Ga. 652, 659 (27 SE2d 316); *Kenner v. Kenner,* 214 Ga. 381 (2) (104 SE2d 896). Here the petition alleges that the judgment setting apart a year's support to the defendant Mrs. Brown, includes an undivided one-half interest in the land involved which the plaintiff owns. Applying the rule announced above, the allegations of the petition are sufficient to show that the judgment setting apart a year's support to Mrs. Brown from the estate of her deceased husband is void as to an undivided one-half interest in the property set apart to her; and for that reason the plaintiff alleges sufficient cause for the equitable relief of can-

cellation. *Nuckolls v. Merritt*, 216 Ga. 35 (114 SE2d 427). And there is no merit in the contention that this litigation amounts to a collateral attack on such judgment.

5. One tenant in common can recover from another cotenant his proportionate part of the rents, issues and profits arising from his exclusive use of the common property. *Code* §§ 85-1003, 85-1004; *New Winder Lumber Co. v. Guest*, 182 Ga. 859 (1) (187 SE 63). The allegations of the petition are sufficient to show that the defendants Huie and Faulkner should account for and pay to the plaintiff one-half of the proceeds received by them for timber and granite removed from the common property by their lessees. The allegations of the petition are therefore sufficient to state a cause of action for legal relief against the defendants Huie and Faulkner but the petition alleges no facts which would authorize a verdict against Mrs. Brown for actual damages.

6. For reasons stated in the five preceding divisions of this opinion, the court did not err as contended in overruling the demurrers interposed to the petition.

7. There is no merit in the contention that the court erred in overruling the plaintiff's general demurrer and motion to strike the defendants' answers. The separate answer filed by the defendant Mrs. Brown avers that the plaintiff Granite Holding Corporation and Joseph Snyder in 1936 or 1937 transferred and delivered their title to the property involved to Paul Brown, her husband; that at that time he took actual possession of such property and remained in exclusive and continuous possession of it for more than 20 years prior to his death and that the title he held to such tract was, after his death, set apart to her as a year's support. Treating these averments as true, as we must do for purposes of the demurrer and motion to strike, her answer avers an absolute defense to the plaintiff's suit and the same ruling applies to the answers of the other defendants, her immediate and remote grantees.

*Judgments affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

SUBMITTED NOVEMBER 8, 1965—DECIDED DECEMBER 6, 1965.

*Grant & Matthews, C. G. Matthews*, for appellants.
*J. T. Sisk*, for appellee.