## 45554. MORRIS v. MORRIS.

QUILLIAN, Judge. This is an appeal from an order sustaining the judgment of the court of ordinary which overruled a caveat to an application for a year's support. The issues raised on appeal as contended for by the appellant are (1) whether the applicant was entitled to a 1966 Chevrolet alleged to be her deceased husband's and (2) whether such automobile was in fact the property of caveator. *Held:*

The issue as to whether certain property set aside as a year's support is in fact the property of the deceased, cannot be raised in the court of ordinary by a caveat which is tantamount to a claim to the property. The ordinary, or the court of ordinary,

has no jurisdiction to try and determine conflicting claims to property. *Hartsfield v. Hartsfield*, 87 Ga. App. 707, 709 (75 SE2d 276); *Dix v. Dix*, 132 Ga. 630 (2) (64 SE 790). The jurisdiction of the superior court on appeal is not greater than that of the court of ordinary in which the case originates. *Trusco Finance Co. v. Crowley*, 86 Ga. App. 268, 270 (71 SE2d 294); *Maloy v. Maloy*, 134 Ga. 432 (2) (68 SE 80). Should a court of ordinary set aside as a year's support property not that of the deceased's estate, the judgment would not be binding as to third parties. *Johnson v. City of Blackshear*, 196 Ga. 652 (2b) (27 SE2d 316).

Moreover, in a trover suit between these same parties involving the same issues, this court considered the record of the application for a year's support and held that the motion for summary judgment by the defendant (applicant here) should be granted as to the plaintiff's (caveator here) claim of title to the automobile. *Morris v. Morris*, 121 Ga. App. 100 (172 SE2d 872). Therefore, that case is controlling here.

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 8, 1970—DECIDED DECEMBER 1, 1970—
REHEARING DENIED DECEMBER 16, 1970.

*Oze R. Horton,* for appellant.
*Preston L. Holland,* for appellee.