## 58497. WILSON et al. v. PROFESSIONAL INSURANCE CORPORATION.

Underwood, Judge.

Mr. and Mrs. Richard Wilson, contending that Mrs. Wilson's neck and lower back had been injured in an automobile collision, filed suit against defendant insurance company seeking recovery under a disability policy providing monthly benefits if such injury "wholly and continuously disable and prevent the insured from performing each and every duty pertaining to [her]

occupation [i.e., school teacher]." The company paid benefits for 24 months and denied further disability, and the Wilsons sought to show at trial that Mrs. Wilson remained disabled within the policy definition for such length of time as to require the company to pay the benefits for the maximum possible benefit period of 60 months. Mr. Wilson was dismissed as a party plaintiff on motion by plaintiff's counsel during the trial. The jury returned a verdict for defendant company, and Mrs. Wilson now appeals asserting that the evidence demanded a finding of her continuing disability and that the trial court erred in not so ruling on their motions for directed verdict and for judgment n. o. v. We affirm.

This appeal is planted squarely upon the principle that direct, positive and uncontradicted testimony of an unimpeached witness cannot be arbitrarily disregarded, it being the contention of Mrs. Wilson that the unfavorable testimony of Dr. Thompson, the company's expert medical witness, was viable only for the period commencing on the date he examined her some 56 months after the alleged injury, and that the only evidence as to the 56 month period prior to that consisted solely of the favorable testimony of the Wilsons and their expert medical witness, Dr. Williams. Thus, insists Mrs. Wilson, the jurors were bound to credit this testimony, and it demands a verdict in their favor for the 56 month period minus the 24 months paid.

We disagree. The jurors were not bound to credit Dr. Williams' medical opinion since the rule proscribing the arbitrary rejection of testimony applies, by definition, to "[d]irect and positive testimony, *as distinguished from testimony* circumstantial, *opinionative,* or actually negative *in character . . ." Lankford v. Holton,* 187 Ga. 94, 102 (9) (200 SE 243) (1938). (Emphasis supplied.) "[T]hough the jury is allowed to receive the testimony of experts the jury is not bound by such testimony; such testimony is not conclusive or controlling and is submitted for whatever the jury considers it to be worth. The jury can consider such expert opinion testimony by reference to their own experience and may discard the opinion of experts entirely." *Woods v. Andersen,* 145 Ga. App. 492, 494 (243 SE2d 748) (1978).

"The opinion of an expert witness is not conclusive upon the jury. Such testimony is intended to aid them in coming to a correct conclusion upon the subject; but the jury is not bound by such opinion, and can disregard it. The jury may deal with such testimony as they see fit, giving credence to it or not," (*Manley v. State,* 166 Ga. 563, 566 (19) (144 SE 170) (1928), revd. other grounds 279 U. S. 1 (49 SC 215, 73 LE 575)) and they may do so "without rhyme or reason." *Feldschneider v. State,* 127 Ga. App. 745, 747 (3) (195 SE2d 184) (1972).

The jury could accord similar treatment to the testimony which Mrs. Wilson gave as a party to the case. "Since the Acts of 1866 and 1890-1891 (. . . Code § 38-1603) which changed the common law and permitted parties to the case to testify in their own behalf, the Supreme Court of this State has consistently held that the jury do not have to believe a party to the case . . ." *Young v. Reese,* 119 Ga. App. 179, 180(2) (166 SE2d 420) (1969). Accord, *Bell v. Proctor,* 212 Ga. 325 (92 SE2d 514) (1956). "The testimony of an unimpeached witness must be considered and not arbitrarily disregarded, but this does not mean that the jury, as the triors of fact, are obligated to believe the testimony which in fact they discredit. . . Further the jury is the sole judge as to the party's credibility as a witness." *Brown v. Nutter,* 125 Ga. App. 449, 451 (5) (188 SE2d 133) (1972).

We thus conclude that although it is undisputed Mrs. Wilson was involved in a collision, and even though she, her husband, and Dr. Williams testified as to her condition, the jury nevertheless was not bound to find that she had been injured to the extent claimed. *Hiter v. Shelp,* 134 Ga. App. 814 (216 SE2d 666) (1975) and cases cited; *Jarrett v. Parker,* 135 Ga. App. 195, 199 (217 SE2d 337) (1975), overruled other grounds *Smith v. Telecable of Columbus,* 140 Ga. App. 754 (232 SE2d 100) (1976), itself reversed 238 Ga. 559 (234 SE2d 24) (1977), nor that any injury she may have suffered was such as to "wholly and continuously" disable her beyond the 24 months for which the company paid benefits. Particularly is this true in view of the fact that although she consulted 27 physicians in the six year period, the X-rays, and myelograms were within normal limits and the most substantial treatment

she received was hospitalization for a one week period of bed rest immediately following the accident.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 25, 1979 — DECIDED OCTOBER 11, 1979.

*Larry W. Thomason, Joseph W. Segraves,* for appellants.

*William S. Shelfer, Jr.,* for appellee.