A91A0432. JOHNSON v. JOHNSON.
(405 SE2d 544)

ANDREWS, Judge.
Dale Johnson, Jr., brings this appeal from the denial of his caveat to the application for a year's support filed by Dale Johnson, Sr., as the surviving spouse of the caveator's mother, Helen Johnson.

1. In his first enumeration of error Johnson, Jr., who was over 18 years of age when Helen Johnson died, claims the Cobb County Pro-

bate Court erred by awarding Johnson, Sr., a year's support interest in real property which was titled in Johnson, Jr.'s name at the time of the decedent's death.

Under OCGA § 53-5-2, a year's support can only be set aside from property interests which were a part of the decedent's estate at the time of her death. *Kenner v. Kenner*, 214 Ga. 381, 382 (104 SE2d 896) (1958). A judgment of the probate court is void as to any property set aside which was not a part of the decedent's estate at her death. *Brown v. Granite Holding Corp.*, 221 Ga. 560, 565 (146 SE2d 289) (1965).

The property at issue, which has been the residence of Johnson, Sr., since 1957 when he and Helen Johnson purchased it, has been titled in the name of Johnson, Jr., since it was deeded to him in 1983 by Helen Johnson. Though conceding that the property remained titled in Johnson, Jr.'s name at the time of the decedent's death, Johnson, Sr., claims that the property was held by Johnson, Jr., in trust for the benefit of the decedent and Johnson, Sr. The probate court has no jurisdiction to try conflicting claims of title to real property on an application for a year's support. Ga. Const. 1983, Art. VI, Sec. III, Par. I; OCGA § 15-9-30 et seq.; *Dix v. Dix*, 132 Ga. 630 (64 SE 790) (1909); *Morris v. Morris*, 123 Ga. App. 116-117 (179 SE2d 536) (1970). Nor in this case did the court attempt to do so since, with respect to the contested property, the court's order simply states that Johnson, Sr. "is hereby awarded as a twelve months support the decedent's interest in the real property shown in his petition. . . ." Even if no legal title remained in the decedent at her death, if her estate retained an equitable interest as beneficiary of the alleged trust, a year's support may include an award of such interest. *Knowles v. Knowles*, 125 Ga. App. 642, 647 (188 SE2d 800) (1972). The court's order sets aside no more than any interest the decedent held in the real property at her death, without attempting to determine title to the property. See *Pioneer Investments v. Adrine*, 97 Ga. App. 520, 524 (103 SE2d 686) (1958). There is no merit in this enumeration of error.

2. In his second and third claims of error, Johnson, Jr., argues that under the criteria of OCGA § 53-5-2, Johnson, Sr., failed to introduce sufficient evidence to sustain the year's support award, therefore the court erred by denying his motion to dismiss the application.

As the surviving spouse of the deceased, Johnson, Sr., was entitled as a matter of law to a year's support. OCGA § 53-5-2 (b); *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188) (1987); *Byrd v. McKinnon*, 189 Ga. App. 768, 769 (377 SE2d 686) (1989). The amount of the award is a separate question to be determined under the criteria of OCGA § 53-5-2 (c), which provides that the amount should be "sufficient to maintain the standard of living that the surviving spouse . . . had prior to the death of the [decedent]," considering support availa-

ble from the applicant's separate estate, earning capacity, any other sources apart from a year's support, and "[s]uch other relevant criteria as the court deems equitable and proper." *Baker v. Baker*, 194 Ga. App. 477, 478 (390 SE2d 892) (1990).

The court's award of a year's support from the decedent's estate consisted of various jewelry and personal items valued at $1,500; furnishings valued at $1,500 located in the property used as applicant's residence, and the decedent's interest in the real property at issue, which the evidence showed was valued between $50,000 to $65,000.

The record discloses that Johnson, Sr., was the surviving spouse of the decedent and filed a timely application for a year's support. The court considered evidence presented by Johnson, Sr., of his financial circumstances, including his sole source of income from social security, his earning capacity and medical needs at 80 years of age, and the circumstances surrounding his continued use of the real property as his residence. Other than introducing a copy of the deed conveying him title to the real property, Johnson, Jr., presented no evidence in support of his caveat.

We find the evidence was sufficient to support the court's determination of a year's support under the criteria of OCGA § 53-5-2 (b) and (c). Accordingly, the court did not abuse its discretion by denying Johnson, Jr.'s motion to dismiss and awarding a year's support to Johnson, Sr.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 11, 1991.

*Kearns & Reeves, Charles F. Reeves*, for appellant.
*Carl P. Fredericks*, for appellee.