A97A0900. McCLURE v. MASON.
(493 SE2d 16)

ANDREWS, Chief Judge.

Elizabeth Mason, the widow of physician and developer Miles H.

Mason, Jr., filed an application for year's support pursuant to OCGA § 53-5-2. Dr. Mason had declared Chapter 11 bankruptcy in 1988, and her petition sought property subject to the claims of Dr. Mason's bankruptcy creditors. Larry McClure, a creditor and former business partner of Dr. Mason, filed a caveat to Mrs. Mason's petition. Following a bench trial, the probate court awarded Mrs. Mason cash, personal property and real property. McClure claims the probate court improperly awarded Mrs. Mason property vested in the bankruptcy estate. He also challenges the award as excessive and enumerates as error the trial court's failure to assign a monetary value to the assets awarded.

1. McClure's first enumeration requires us to clarify the nature of the probate court's award. McClure argues that title to several of the assets awarded to Mrs. Mason was vested in an ongoing Chapter 11 reorganization; therefore, these assets were property of the bankruptcy estate. See generally *In re Hoffman*, 51 BR 42 (W.D. Ark. 1985), cited by both parties. Because these assets did not belong to Dr. Mason, McClure reasons, the probate court had no power to award the assets as year's support. See *In re Estate of Adamson*, 215 Ga. App. 613, 614 (1) (451 SE2d 501) (1994). We agree with McClure that the probate court could only award Mrs. Mason property belonging to her husband's estate and had no jurisdiction to determine whether the property was vested in her, Dr. Mason's estate or in the bankruptcy estate. Id.; *Johnson v. Johnson*, 199 Ga. App. 549, 550 (1) (405 SE2d 544) (1991). But those limitations did not prevent the court from including the properties in its award. "It is true as a matter of law that a year's support for a widow can be set apart to her only from the estate of her deceased husband; and if property included therein does not as a matter of fact constitute a part of his estate, the judgment of the [probate court] simply will not attach to such property, but will be void as applied thereto." (Citations and punctuation omitted.) *Auto Alignment Svcs. v. Bray*, 214 Ga. App. 53, 54 (446 SE2d 753) (1994). As in *Johnson*, supra at 550, "[e]ven if no legal title remained in [Dr. Mason] at [his] death, if [his] estate retained an equitable interest . . . a year's support may include an award of such interest." Therefore, we interpret the probate court's order to award Mrs. Mason whatever interest her husband's estate held in the enumerated assets. Enforcing the award will require that a determination of that interest and title be made by a court with jurisdiction of that issue.

2. McClure claims the award is excessive. Pursuant to OCGA § 53-5-2 (b), the probate court was required to set aside "a sufficiency from the estate for [Mrs. Mason's] support and maintenance for the space of 12 months from the date of death of [Dr. Mason], to be determined using the criteria established in [OCGA § 53-5-2 (c)] and keep-

ing in view also the solvency of the estate." Subsection (c) directed the court to award "an amount sufficient to maintain the standard of living that the surviving spouse . . . had prior to the death of the testator or intestate, taking into consideration . . . (1) [t]he support available to [Mrs. Mason], including but not limited to the principal of any separate estate and [her] income and earning capacity . . . and (2) [s]uch other relevant criteria as the court deems equitable and proper."

The parties presented the court with differing assessments of the value of Mrs. Mason's separate estate, the value of the property she was awarded as year's support, her needs, and her standard of living prior to her husband's death. Given this conflicting evidence, the probate court did not abuse its discretion in making this award. See *Johnson*, supra at 551; *Baker v. Baker*, 194 Ga. App. 477, 478 (1) (390 SE2d 892) (1990).

3. Finally, the probate court did not abuse its discretion by failing to assign a monetary value to the personal and real property awarded. OCGA § 53-5-2 (b) required the court to make its award "either in property or money." Nothing in the statute requires the court in its written order to assign a monetary value to any property awarded. See *Daniel v. First Nat. Bank of Claxton*, 50 Ga. App. 632, 633 (2) (179 SE 152) (1935).

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 14, 1997.

*L. Matt Wilson, J. Phillip London, Jr., David H. J. Martyn,* for appellant.

*Hicks, Maloof & Campbell, John M. Levengood, David N. Stern,* for appellee.