A07A1036. TAYLOR v. TAYLOR.
(654 SE2d 146)

MIKELL, Judge.

This is an appeal from a superior court's order in a year's support action. Richard Lamar Taylor ("Richard") died intestate in December 2004. Tammy Teresa Taylor ("Tammy"), his surviving spouse, and John Jared Taylor ("Jared"), Richard's adult son, were appointed as co-administrators of the estate. In March 2006, Tammy filed a petition for a year's support. Specifically, she sought to recover $60,000 remaining in proceeds from the sale of the real property of the estate, presently held in a trust account by Jared's counsel, plus accounts receivable and personalty of approximately $24,000. Jared filed an objection, stating that he and Tammy had previously agreed to a division of the property of the estate in accordance with the petition for administration jointly filed by them. An inventory was filed, showing distributions of $30,000 each to Tammy and Jared,

$67,910 remaining in the trust account after disbursements to creditors, $4,237 in uncollected assets, and outstanding liabilities of $13,852.[1] Following a hearing on the year's support petition, the probate court found that Tammy had no assets, that her earning capacity had been greatly reduced, and that her expenses exceeded her income. The court awarded Tammy year's support in the amount of $30,000, plus title to a Ford Explorer and antique furniture, which she had requested in the petition.

Tammy appealed this order to the superior court. The matter was heard de novo on September 20, 2006. Tammy was the sole witness at the hearing. She testified that she married the decedent in 1997; that she worked full-time until 2003, when she hurt her knees; and that she is presently employed part-time at a Holiday Inn earning a net income of $75 per week. Tammy further testified that she helped her daughter and grandchildren move to Alabama approximately a year to nine months before Richard died and that she stayed in Alabama with them two to three days each week and with Richard in Georgia the remainder of the time. Tammy testified that their standard of living declined after the move because she had to keep up two households. Regarding her expenses, Tammy testified that she owes $30,000 in medical expenses for a 2003 surgery and $10,000 in credit card debt accrued during the marriage; that her rent and utilities are approximately $1,000 per month; that her mother has been supporting her since Richard died, and she owes her mother about $10,000; and that she needs $60,000 to "get back on [her] feet" and restore her to the financial position she was in at the time of Richard's death. Tammy testified that she used the $30,000 distribution from the estate to pay her mother, her car note, credit card bills, and her lawyer. Finally, Tammy testified that, although she had previously been represented by another attorney, she was unaware of her right to a year's support until her current attorney told her.

On cross-examination, Tammy admitted that her prior attorney had auctioned the estate's real property; that she was present at the sale; and that at the subsequent closing, she and Jared agreed that they would each take $30,000 to "tide [them] over." Tammy also admitted that the purchaser of the property agreed to let her retrieve the furniture, but she failed to do so; that she had not submitted a claim to the estate for payment of her $30,000 medical bill; and that she and her previous counsel had met with Jared and his attorney, H. J. Thomas, Jr., and agreed to divide equally all proceeds from the sale and all debts of the estate. However, Tammy also testified that

---

[1] The inventory reflects a balance of $58,295, after subtracting $13,852 in liabilities from total assets of $72,147.

she did not agree to forego her claim for a year's support in exchange for that agreement. Finally, Tammy testified that she was unaware of Richard's income and did not possess tax returns or pay stubs or any other evidence of his income. She claimed that Thomas had them in his possession.

The superior court entered an order on November 13, 2006, finding that the parties had entered into an oral agreement providing that they would share equally in the assets of the estate and that they had acted upon the agreement by accepting $30,000 each from the sale of the real estate. The court made the parties' agreement the order of the court and directed them to divide equally the proceeds remaining after payment of all expenses, properly submitted to them as co-administrators and properly approved for payment. The court declined to award any additional amount as year's support, finding that the division of the property would provide adequate support for Tammy. On appeal, Tammy argues, inter alia, that the court erred in failing to award a year's support and in enforcing the agreement because the evidence shows she entered into it without knowledge of her right to a year's support.

1. Entitlement to the right to a year's support is a matter of status.[2] One need establish only that he or she is the spouse of the deceased in order to be eligible for a year's support.[3] The amount to which the surviving spouse is entitled is a separate inquiry.[4] Under the current statutory scheme, the surviving spouse is entitled to year's support in the form of property for her support and maintenance for the period of 12 months from the date of the decedent's death.[5] If, as in this case, an objection is filed, the probate court shall hear the petition and shall determine the property to be set aside, taking into account

> (1) The support available to the individual for whom the property is to be set apart from sources other than year's support, including but not limited to the principal of any separate estate and the income and earning capacity of that individual; (2) The solvency of the estate; and (3) Such other relevant criteria as the court deems equitable and proper. The petitioner for year's support shall have the burden of proof in showing the amount necessary for year's support.[6]

---

[2] *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188) (1987).

[3] Id.

[4] Id.

[5] OCGA § 53-3-1 (c).

[6] OCGA § 53-3-7 (b), (c); *Allgood v. Allgood*, 263 Ga. App. 177, 179-180 (1) (587 SE2d 377) (2003).

In addition to the statutory criteria, case law has established that

> [t]he year's support award must be reasonably related to the amount needed by the surviving spouse for a period of 12 months after the decedent's death to maintain the standard of living enjoyed prior to the death. Such award is not intended to compensate the surviving spouse for the death, support the spouse for many years to come, or provide a method for distributing the estate. As we have found, a claim for year's support is not analogous to a tort claim where general damages can be awarded based on the enlightened consciences of impartial jurors. Nor is it a claim for loss of consortium where damages are not capable of exact pecuniary measure and are left to the enlightened conscience of impartial jurors.[7]

In the case at bar, Tammy testified that she needed $60,000 to "get back on her feet," and her attorney argued in closing that she was entitled to "the remainder of the estate." Tammy did not testify that she needed this sum to maintain her standard of living for a period of 12 months after Richard died. As noted above, a year's support is not intended to be a method for distributing the estate. And, although Tammy testified that her take-home pay is $300 per month and that her rent and utilities are $1,000 per month, she did not place a dollar amount on what she needed for other living expenses. Most significantly, Tammy presented no evidence whatsoever of income earned during the marriage, so the court had no basis upon which to measure the standard of living she had prior to Richard's death against the standard of living thereafter.[8] In fact, the court pointed out to Tammy's counsel the need to show the standard of living during the marriage. On redirect, Tammy testified that even before Richard died, their standard of living declined because they had to keep up two households. This evidence was relevant under OCGA § 53-3-7 (c) (3),[9] but it provided little guidance to the court.

As for Tammy's medical expenses incurred during the marriage, she produced no evidence to document them.[10] In any event, the trial

---

[7] (Punctuation and footnote omitted.) *Holland v. Holland*, 267 Ga. App. 251, 254 (599 SE2d 242) (2004).

[8] Compare *Hunter v. Hunter*, 256 Ga. App. 898, 899 (569 SE2d 919) (2002) (proof of joint gross yearly income shown, although award deemed excessive).

[9] See *Driskell v. Crisler*, 237 Ga. App. 408, 410-411 (515 SE2d 416) (1999).

[10] See id. at 409 ("The law imposes the burden on the applicant to prove 'the amount necessary for a year's support' "); compare *Richards v. Wadsworth*, 230 Ga. App. 421, 424 (3)

court ordered the parties to divide the net proceeds of the estate after payment of all expenses properly submitted for payment, leaving the estate open for payment of such additional expenses upon proper documentation and approval. For these reasons, we hold that the trial court did not abuse its discretion in failing to award any additional amount as year's support on the ground that the property division would provide adequate support for Tammy.[11]

2. Tammy further contends that the trial court erred in enforcing the agreement she made with Jared because the evidence shows that she entered into it without knowledge of her right to a year's support or of the estate's condition. "In order for the relinquishment of a widow's right to claim a year's support to be binding on her, it must be made with knowledge of her rights and of the condition of the estate."[12] "Whether the widow made a knowing waiver of her right to year's support based upon an adequate consideration is a question of fact."[13] Tammy testified that she was unaware of her right to a year's support when she made the agreement and that she had "no idea" of how much money was in the estate account. Tammy also testified that she initially was satisfied with her and Jared's agreement to divide the estate equally, but "a lot happened" to change her mind. At the end of the hearing, the judge stated that she found that Tammy had been represented by counsel when she entered into the agreement. The court's order recites that the parties acted in reliance on the agreement by each accepting an initial distribution of $30,000. Implicit in these findings is a rejection of Tammy's testimony that she was unaware of her right to a year's support or of the condition of the estate when she entered into the agreement. "Credibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony."[14] The trial court had the power to reject Tammy's testimony and to enforce the agreement at issue.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

---

(496 SE2d 535) (1998) (noting widower's *documented* medical expenses); *Kittles v. Kittles*, 187 Ga. App. 537-538 (1) (370 SE2d 803) (1988) (evidence of estate debts, including widow's medical expenses, admissible as relevant to the estate's solvency).

[11] See *McClure v. Mason*, 228 Ga. App. 797, 799 (2) (493 SE2d 16) (1997) (abuse of discretion is proper standard of review of amount awarded).

[12] (Citations omitted.) *Hubbard v. Hubbard*, 218 Ga. 617, 619 (2) (129 SE2d 862) (1963).

[13] (Citation omitted.) *Adams v. Adams*, 249 Ga. 477, 481 (4) (291 SE2d 518) (1982).

[14] (Punctuation and footnote omitted.) *State v. Brown*, 278 Ga. App. 457, 460 (629 SE2d 123) (2006). See also *Wilson v. Professional Ins. Corp.*, 151 Ga. App. 712, 714 (261 SE2d 450) (1979) ("the Supreme Court of this State has consistently held that the jury [does] not have to believe a party to the case") (citations and punctuation omitted).

DECIDED OCTOBER 23, 2007 —
RECONSIDERATION DENIED NOVEMBER 9, 2007 — 

*Julian A. Mack*, for appellant.
*Hoke J. Thomas, Jr.*, for appellee.