## A11A2314. IN RE MAHMOODZADEH.

(724 SE2d 797)

DILLARD, Judge.

Monica Mahmoodzadeh, the widow of Payam Mahmoodzadeh, filed a petition for year's support in the Probate Court of Cobb

County, seeking to set aside real property and funds in various money-market accounts. In response to the petition, Renasant Bank and the parents of the decedent, Aghdad and Roohullah Mahmoodzadeh, filed caveats objecting to setting aside one of the accounts and the real property as year's support, contending that these items were not part of the decedent's estate. The probate court allowed these objections and subsequently denied any sum of year's support to the widow on the basis that she had failed to prove the amount of year's support necessary. This appeal by the widow follows, in which she contends that the trial court erred by (1) exceeding its subject matter jurisdiction, (2) allowing the bank and decedent's parents to raise objections, (3) converting caveats challenging title into caveats as to the nature and amount of year's support, and (4) improperly shifting the burden of proof to the widow. And because we agree that the probate court erred by allowing objections by the bank and decedent's parents on the basis of adverse title, we reverse the court's judgment and remand for further proceedings consistent with this opinion.

The record reflects that Payam and Monica Mahmoodzadeh were married without children, and that Payam died intestate on July 28, 2010. On August 16, 2010, the widow filed a petition for year's support from the decedent's estate, proposing to set aside the balance of four money-market accounts. In response to this petition, Renasant Bank filed a caveat on September 17, 2010, contending that one of the money-market accounts was not part of the decedent's estate and, thus, that it could not be set aside as year's support.

In November 2010, the widow amended the schedule of property requested for year's support to include, in addition to the four money-market accounts previously requested, four pieces of real property. Thereafter, the decedent's parents sought permission to file an out-of-time caveat to the petition for year's support and filed same on April 12, 2011. The parents' caveat contended that the four pieces of real property were "a continuing joint investment program between the decedent and . . . his parents." The parents amended their caveat two times but continued to solely argue that the real property should not be set aside in an award of year's support due to the parents' ownership interest in the property. The widow sought to dismiss the parents' caveat on the basis that they did not have an enforceable interest in the land and that they lacked standing to bring a caveat against the petition for year's support.

At a hearing on the petition, caveats, and various motions, the widow's attorney announced that the widow would not contest the bank and decedent's parents "having a hearing on the merits if they want to make an adverse claim to the estate," and further noted that

after speaking with counsel for both caveators, there was a stipulation that "they're not challenging the amount or nature of the property sought in the petition or the amended petition except to the extent that they're making adverse claims to the estate." In response, the probate court explained that it did not have jurisdiction over the validity of any adverse-title claims. Nevertheless, counsel for the decedent's parents then offered that the parents were present "to object to the setting aside of property that belongs to a partnership and doesn't belong to the estate." But the probate court again expressed that it did not have jurisdiction over claims of adverse title.

Thereafter, counsel for the widow again stated that the parties

all agreed to stipulate as to the amount and nature of the property, that [this] was proper and then they have claims that their two pieces of property—the bank's one [money-market account] and [the parents'] four [pieces of contested property][—]are not part of the estate. And [that is] the nature of their objection.

Counsel for the bank also noted that it was "not making an adverse claim on the estate" but was instead "filing a caveat to that part of the petition in which the petitioner asks that a certain money market account be set aside as year's support" because "the money market account and those funds are not part of the estate and can't be set aside as year's support."

After hearing the foregoing arguments, the court, yet again, explained that it did not have jurisdiction over title disputes and that it only had the power to grant or deny the petition for year's support and, if granted, to determine the amount awarded. Specifically, the court instructed the bank and the decedent's parents that "[y]ou are either objecting to this petition for year's support or you're not. And, if you've got a claim to that property, you have to go somewhere else." The court also instructed the parties that "[m]aking an adverse claim to a line item of property is not contemplated in year's support."

Discussion of the matter continued, and the probate court once more reiterated that "[t]itle to property is not within my jurisdiction." Counsel for the widow then replied:

I think that's really the issue between us and I don't think really anybody has contested the nature or whether she's entitled to it or whether the amount is sufficient or excessive or etcetera. So, what I would propose . . . is that the property be set aside subject to rights of any adverse

claimant to the property to litigate the issue of title to those properties.

But the court responded, "That's not what's before me. A contested petition for year's support is before me. They have objected because their rights to the estate may be affected by the petition." The court also explained that "[i]f the estate doesn't own it, then it's not a valid transfer," but then the court, nevertheless, allowed the proceedings to continue by construing the objections by the parents and the bank to be based on the petition as a whole.

After the hearing, which included testimony by the widow as to the lifestyle she enjoyed with the decedent and testimony by the decedent's parents as to the nature of their real-estate partnership with the decedent, the court declined to award the widow any amount of year's support, holding that she had failed to meet the burden of proof as to the amount required for her support. This appeal by the widow follows, in which she argues that the probate court erred by (1) exceeding its subject-matter jurisdiction, (2) allowing the bank and decedent's parents to raise objections, (3) converting caveats challenging title into caveats as to the nature and amount of year's support, and (4) improperly shifting the burden of proof.[1] We agree with the widow that the trial court erred by placing upon her a burden of proof by allowing the bank and decedent's parents to object when their objections were clearly limited to a matter outside the probate court's jurisdiction.

At the outset, we note that "[t]he probate court's determination of the amount awarded as year's support will be upheld on appeal absent an abuse of discretion."[2] A claim for year's support "is a statutory claim stemming from the historical purpose: to prevent a family from being turned away houseless—a widow and children—and cast upon the world in their forlorn condition."[3] In this regard, the modern intent of providing year's support "is to protect the family survivors from a reduction in their standard of living while the estate is being settled, at least for one year."[4] Thus, our law provides that "[t]he surviving spouse and minor children of

---

[1] We note that while Renasant Bank filed an appellee brief, the decedent's parents did not file a brief in this appeal.

[2] *Hunter v. Hunter*, 256 Ga. App. 898, 899 (569 SE2d 919) (2002); *accord In re Estate of Battle*, 263 Ga. App. 73, 73 (587 SE2d 140) (2003).

[3] *Anderson v. Westmoreland*, 286 Ga. App. 561, 563 (649 SE2d 820) (2007). *See generally* Mary F. Radford, Redfearn Wills and Administration in Georgia § 10:1 (7th ed. 2008 & Supp. 2011-2012) (discussing the evolution of the doctrine of year's support in Georgia).

[4] *Holland v. Holland*, 267 Ga. App. 251, 255 (599 SE2d 242) (2004) (punctuation omitted); *see also Taylor v. Taylor*, 288 Ga. App. 334, 337 (1) (654 SE2d 146) (2007) ("'[A] claim for year's support is not analogous to a tort claim where general damages can be awarded based on the enlightened consciences of impartial jurors. Nor is it a claim for loss of consortium

a testate or intestate decedent are entitled to year's support in the form of property for their support and maintenance for the period of 12 months from the date of the decedent's death."[5]

A petition for year's support must be filed in the probate court with jurisdiction over the decedent's estate within 24 months of the decedent's death.[6] And when a petition is filed, the probate court is required to issue a citation and publish notice in accordance with the provisions of OCGA § 53-3-6,[7] including as to any "interested persons," which are defined as "the decedent's children, spouse, other heirs, beneficiaries, creditors, and any others having a property right in or claim against the estate of the decedent which may be affected by the year's support proceedings."[8]

After providing the required notice, if no objection is made to the petition *or*, if made, is disallowed or withdrawn, the probate court is required to "enter an order setting aside as year's support the property applied for in the petition."[9] However, if an objection is made, the court must "hear the petition and, upon the evidence submitted, shall determine the property to be set aside according to the standards set out in subsection (c) of this Code section."[10] That subsection provides that "[i]f objection is made to the amount or nature of the property proposed to be set aside as year's support, the court shall set apart an amount sufficient to maintain the standard of living that the surviving spouse and each minor child had prior to the death of the decedent . . . ."[11] In determining this amount, the court must consider (1) support available from sources other than

---

where damages are not capable of exact pecuniary measure and are left to the enlightened consciences of impartial jurors." (punctuation omitted)).

[5] OCGA § 53-3-1 (c).

[6] OCGA § 53-3-5 (a), (c). OCGA § 53-3-5 (b) describes the applicable requirements of the petition as follows:

The petition shall set forth, as applicable, the full name of the surviving spouse, the full name and birthdate of each surviving minor child and a schedule of the property, including household furniture, which the petitioner proposes to have set aside. The petition shall fully and accurately describe any real property the petitioner proposes to have set aside with a legal description sufficient under the laws of this state to pass title to the real property.

[7] *See* OCGA § 53-3-6 (c) (1)-(3).

[8] OCGA § 53-3-6 (a).

[9] OCGA § 53-3-7 (a); *see also Lunsford v. Kersey*, 191 Ga. 738, 740 (13 SE2d 803) (1941) (applying prior version of year's support law, which required the return of appraisers and viewed the return as prima facie evidence of the amount necessary to support a petitioner, and approving of prior holdings that "unless objections are filed, . . . further duties on the part of the [probate court] are purely ministerial" and the probate court lacks jurisdiction to modify the return).

[10] OCGA § 53-3-7 (b).

[11] OCGA § 53-3-7 (c).

388

year's support (e.g., separate estates, income, earning capacity), (2) the estate's solvency, and (3) other relevant criteria the court deems equitable and proper.[12] Finally, if an objection is made, the petitioner for year's support bears the burden of proving the amount necessary for year's support.[13]

Moreover, when an objection is filed against a petition for year's support,

> [i]t simply calls into question the matter of whether the amount [requested] is *in excess* of that to which the [surviving spouse] and children are entitled under the law; or whether the applicants are in fact the [surviving spouse] and children of the deceased, for if they are not, no legal year's support could be set apart to them.[14]

But in the case sub judice, it is clear from the record, as detailed supra, that the sole objections to the widow's petition were based on contentions that the relevant money-market account and real property should not be included in an award of year's support because these items were not part of the decedent's estate. Indeed, the parties did not object to the widow's right to claim year's support or the amount she sought as exceeding that which would be necessary to maintain her standard of living. And as explained infra, although the trial court recognized its jurisdictional limitations and did not actually determine a title dispute, the court erred by allowing the parties to object solely on this ground and, further, by denying the widow's petition based on a failure to meet the burden of proof during the proceeding that resulted from allowing these improper objections.[15]

---

[12] *Id.*

[13] *Id.*

[14] *Sanders v. Fulton County*, 111 Ga. App. 434, 438 (1) (142 SE2d 293) (1965) (analyzing prior version of statute); *see Anderson*, 286 Ga. App. at 563-64 (holding that widow failed to meet burden of proof with regard to the amount necessary for her support after decedent's daughter filed a caveat challenging the requested amount as excessive); *Taylor*, 288 Ga. App. at 338 (1) (holding that court properly declined to award additional amount to widow as year's support when widow had previously agreed to division of property that would provide adequate support); *Holland*, 267 Ga. App. at 255 (holding that widow did not meet burden of proof with regard to the amount necessary for her support after decedent's son filed a caveat challenging the requested amount as excessive); *Allgood v. Allgood*, 263 Ga. App. 177, 179 (1) (587 SE2d 377) (2003) (holding that widow did not meet burden of proof with regard to amount necessary for her support after decedent's children filed a caveat challenging the requested amount as excessive); *Hunter*, 256 Ga. App. at 899-900 (holding that probate court abused its discretion in awarding requested year's support because the widow did not meet burden of proof with regard to amount necessary for her support after beneficiaries under decedent's will filed a caveat challenging the requested amount as excessive).

[15] *See* Ga. Const. art. 6, § 1, ¶ IV ("Each court may exercise such powers as necessary in

It is well settled that probate courts "do not have jurisdiction to adjudicate conflicting claims of title to real or personal property."[16] Nevertheless, a probate court may award as year's support a decedent's interest in property subject to such a dispute. Indeed, a probate court's order of year's support sets aside no more than the interest the decedent held in the property at his or her death, without attempting to determine title to the property.[17] And, thereafter, it is the enforcement of such an award of year's support which requires "that a determination of . . . interest and title be made by a court with jurisdiction of that issue."[18]

We recognize that the probate court in this matter correctly informed the parties that any award of year's support would be void as to property that was not properly included in the estate and that this issue would need to be litigated elsewhere.[19] Nevertheless, the court abused its discretion and erred by allowing the bank and decedent's parents to object to the petition for year's support solely on the basis that the relevant money-market account and real property were not part of the estate, because the court—as it repeatedly acknowledged—lacked the jurisdiction to determine

---

aid of its jurisdiction or to protect or effectuate its judgments . . . ."); *Durham v. Durham*, 107 Ga. 285, 287 (33 SE 76) (1899) (holding that probate court properly dismissed objection to petition for year's support on the basis of an adverse title claim because probate court did not have jurisdiction over such a claim); *see also Dix v. Dix*, 132 Ga. 630, 638-39 (64 SE 790) (1909) (disapproving of *Durham v. Durham*, 107 Ga. 285 (33 SE 76) (1899), to the extent that it contained dicta suggesting that a court's lack of subject-matter jurisdiction could be waived by consent of parties or a failure to object). *Cf. In re Estate of Brice*, 288 Ga. App. 449, 451 (1) (654 SE2d 420) (2007) (recognizing that probate courts have the "authority to dismiss, sua sponte, a motion that the court can otherwise determine from the pleadings cannot succeed as a matter of law").

[16] *Cunningham v. Estate of Cunningham*, 304 Ga. App. 608, 609 (1) (697 SE2d 280) (2010) (punctuation omitted); *see* Ga. Const. art. 6, § 3, ¶ I (establishing the probate court as one of limited jurisdiction); OCGA § 15-9-30 (detailing subject matter jurisdiction of probate courts); *see also Ray v. Nat'l Health Investors, Inc.*, 280 Ga. App. 44, 47 (1) (633 SE2d 388) (2006) ("The probate court has no jurisdiction to adjudicate conflicting claims of title to real or personal property."); *McClure v. Mason*, 228 Ga. App. 797, 798 (1) (493 SE2d 16) (1997); *Johnson v. Johnson*, 199 Ga. App. 549, 550 (1) (405 SE2d 544) (1991).

[17] *See Brown v. Granite Holding Corp.*, 221 Ga. 560, 565 (4) (146 SE2d 289) (1965) ("It is true as a matter of law that a year's support for a widow can be set apart to her only from the estate of her deceased husband; and if property included therein does not as a matter of fact constitute a part of his estate, the judgment of the [probate court] simply will not attach to such property, but will be void as applied thereto." (punctuation omitted)); *Johnson v. City of Blackshear*, 196 Ga. 652, 659 (2) (27 SE2d 316) (1943) (same); *McClure*, 228 Ga. App. at 798 (1) (same); *see also Johnson*, 199 Ga. App. at 550 (1) ("The court's order sets aside no more than any interest the decedent held in the real property at her death, without attempting to determine title to the property."); *Trusco Finance Co. v. Crowley*, 86 Ga. App. 268, 270 (71 SE2d 294) (1952) ("Should a [probate court] set aside as a year's support real property not that of the deceased's estate, that judgment would not be binding as to third parties situated as the caveator here, and would not be res judicata in a subsequent trial of the issues in a proper court.").

[18] *McClure*, 228 Ga. App. at 798 (1).

[19] *See id.*; *see also Brown*, 221 Ga. at 565 (4); *Johnson*, 196 Ga. at 659 (2).

that issue.[20]

Indeed, despite this jurisdictional limitation and the lack of an appropriate objection by the caveators,[21] the probate court proceeded to conduct a hearing as to the amount necessary for the widow's support, thereby inappropriately placing upon her a burden of proof that was contrary to OCGA § 53-3-7 (a) and otherwise lacking in the absence of the jurisdictionally defective objections to the petition.[22] Accordingly, the trial court erred by allowing the bank and parents' objections solely on the basis of adverse title and by thereafter denying year's support to the widow as requested when she failed to meet the resulting burden of proof.[23] We therefore remand to the probate court to grant the petition for year's support and, in doing so, we make no ruling as to the issue of disputed title and reiterate that any such claims must be litigated in the appropriate forum.[24]

*Judgment reversed and case remanded with direction. Mikell, P. J., and Boggs, J., concur.*

DECIDED FEBRUARY 27, 2012.

*Nall & Miller, Mark D. Lefkow,* for appellant.
*Sellers & Warren, Theron D. Warren III, Charles L. Day,* for appellee.

---

[20] *See* Ga. Const. art. 6, § 3, ¶ I; OCGA § 15-9-30; *Cunningham*, 304 Ga. App. at 609 (1); *Ray*, 280 Ga. App. at 47 (1); *McClure*, 228 Ga. App. at 798 (1); *Johnson*, 199 Ga. App. at 550 (1); *see also Durham*, 107 Ga. at 285.

[21] *See supra* note 14 and accompanying text. *Compare Johnson*, 199 Ga. App. at 550-51 (1), (2) (caveator objected to petition for year's support and subsequent award on basis of adverse title *and* that the requested amount exceeded that necessary to maintain the petitioner's standard of living).

[22] *Compare* OCGA § 53-3-7 (a) (requiring the probate court to award petition for year's support without further inquiry when no objection is filed or, if filed, is disallowed or withdrawn), *with* OCGA § 53-3-7 (c) (placing upon year's support petitioner a burden to prove the amount necessary for year's support when an objection "is made to the amount or nature of the property proposed to be set aside"). Indeed, prior to amendments to the probate code in 1986,

> the amount of the year's support award was determined by an appointed group of five appraisers. When this system was abolished, the task of determining the amount of the award went to the probate judge. While the 1998 revisions left that task with the probate judge, the revisions clarified that the judge is to determine the amount of the award only in those cases in which an objection is filed to the amount requested by the spouse or children.

Radford, *supra* note 3, § 10:1 (footnotes omitted).

[23] *Cf. Durham*, 107 Ga. at 287 (holding that probate court properly dismissed objection to petition for year's support on the basis of an adverse title claim because probate court did not have jurisdiction over such a claim).

[24] *See McClure*, 228 Ga. App. at 798 (1).